74 76
83 546

---

## J. D. SWEATMAN v. THOMAS STRATTON ET AL.

No. 6256.

1. **Res Adjudicata.**—An alleged error in the action of the County Court affirmed by the Court of Appeals will not be revised by the Supreme Court on appeal in an injunction suit intended to relieve the aggrieved party, save where there was an entire want of jurisdiction in the court.

2. **Case Adjudged.**—An appeal was taken by a defendant from a judgment in a Justice Court to the County Court. A motion was sustained to quash the appeal bond and the appellant was allowed to and did file another appeal bond, upon which the case was retained in the County Court. On a trial in the County Court the plaintiff recovered judgment and the judgment was rendered against the sureties on the

quashed bond as well as against the sureties on the bond given in place of the defective one. This judgment was affirmed in the Court of Appeals. *Held*, that injunction in District Court could not protect the sureties upon the first bond; the action of the Court of Appeals being final.

APPEAL from Wise. Tried below before Hon. F. E. Piner.

The opinion states the case.

*Carswell & Fuller, W. H. Bullock,* and *A. M. Jackson, Jr.,* for appellant.—The petition shows that the judgment sought to be enjoined was not void as to any of the appellees. McCrimmin v. Cooper, 37 Texas, 428, 429; Burck v. Burroughs, 64 Texas, 446, 447; Johnson v. Templeton, 60 Texas, 238; Crawford v. Wingfield, 25 Texas, 414; Burnley v. Rice, 21 Texas, 183; Ratto v. Levy Bros., 63 Texas, 278.

No brief for appellees.

COLLARD, JUDGE.—The appellant J. D. Sweatman brought suit in the Justice Court on a moneyed demand and recovered judgment against the parties defendant, who appealed to the County Court, with Thos. Stratton and P. O. Saunders sureties on the appeal bond. This bond was on motion quashed in the County Court and a new bond was filed with other and different sureties. Judgment was rendered in the County Court in favor of Sweatman against the defendants and against Saunders and Stratton, sureties on the quashed bond, instead of the sureties on the new bond. The case was appealed to the Court of Appeals, Saunders and Stratton joining in the appeal as principals, E. Johnson and Jacob Brown sureties on the appeal bond to the Court of Appeals.

It does not seem from the motion for a new trial in the County Court that the error in rendering judgment against Stratton and Saunders was called to the attention of the court, but the point was made in the Court of Appeals by proper assignment of error. The Court of Appeals affirmed the judgment of the court. Execution was issued and levied on land of Stratton, of Saunders, and of E. Johnson. This injunction suit was then brought in the District Court by all the original defendants in the County Court, and by Stratton, Saunders, Johnson, and Brown, to enjoin the sale of the land levied on and to enjoin the collection and enforcement of the judgment, and to vacate the same on the ground that it was void. Brown, one of the plaintiffs below, was related within the third degree to the county judge. The court below gave judgment for the plaintiffs, declaring that the judgment of the County Court and its affirmance in the Court of Appeals was void.

It can not be doubted that it is ordinarily true that the affirmance by a higher court of a void judgment gives no validity to such void judgment. Chambers v. Hodges, 23 Texas, 104; Horan v. Wahrenberger, 9 Texas, 313.

This proposition is certainly true of cases where the court *a quo* has by the Constitution and laws no jurisdiction of the matter in controversy or of the character of the suit itself, or where a person assuming judicial functions has no authority to act. The case of Horan v. Wahrenberger was a case where the court *a quo* had no power to take cognizance by appeal of a judgment in a Justice Court. The case of Chambers v. Hodges was a case where the presiding judge of the lower court was disqualified from sitting in the cause on account of having been of counsel for one of the parties. In both cases it was held that the appellate court's judgments were without jurisdiction and void.

In Mississippi another distinction has been recognized to the effect that where there is a mere defect of jurisdiction in the court of original jurisdiction, and its judgment is affirmed by the appellate court "on grounds not touching but overlooking its invalidity," the affirmance would be void. Pender v. Felts, 2 S. & M. (Miss.), 539; Wilson v. Montgomery, 14 Id., 305.

The case before us is one where the defect of jurisdiction of the lower court is as to persons against whom the judgment is rendered, which defect is assigned as error on appeal to a court of last resort, and the judgment is affirmed. The lower court by law had jurisdiction of such matters, and its judgments are appealable only to the appellate tribunal which affirmed the judgment in question as a court of last resort.

In such a case no other court has power to revise the affirmance or declare it void; the affirmance is final and conclusive. The Court of Appeals decided that the County Court had jurisdiction of the persons of Stratton and Saunders, whether upon the ground that the bond of appeal from the Justice Court on which they were sureties was improperly quashed and that therefore they did not go out of court, or upon some other ground, we are not advised. It is sufficient to say that the Court of Appeals affirmed the judgment on appeal of Stratton and Saunders, that court alone having the power to decide the question and affirm or reverse the case.

In the case of Crane v. Blum, 56 Texas, 327, *et seq.*, a similar question was before the court. The Supreme Court declined to discuss the question of jurisdiction of the County Court of the persons of E. and I. Stone, because, as was said: "We are not left in this cause to determine the rights of the parties by that judgment alone. The County Court having jurisdiction of the subject matter of that suit the question of the correctness of its judgment in regard to its jurisdiction over the persons of E. and I. Stone could be, as it was, legally investigated and determined by the Court of Appeals, which is made by law the court of last resort in that class of cases. The parties used the proper process to give the Court of Appeals jurisdiction of their persons, and it having jurisdiction of the subject matter of the suit was fully empowered to determine all questions

in the cause. An inquiry was made by that court into the question of the jurisdiction of the County Court of Johnson County over the persons of E. and I. Stone, and it was there determined that such jurisdiction existed, and the judgment was affirmed. That judgment must be held conclusively to establish the validity of the judgment which the appellees claim in this court was void, and nothing can now be heard from the appellees to impeach its validity for want of jurisdiction over the persons of E. and I. Stone."

It does not appear from the record before us that the attention of the Court of Appeals was called to the assignment of error of Stratton and Saunders that the County Court improperly rendered judgment against them after the quashal of the bond and the acceptance of other sureties, but we can not presume that the assignment was waived, nor are we prepared to say that if the Court of Appeals overlooked the point that its judgment could be so affected. The better rule in such case is that the affirmance included and finally determined every question involved in the appeal, whether noticed by the court or not.

We conclude that the judgment of the court below enjoining Sweatman from the enforcement of the judgment in the County Court and the Court of Appeals should be reversed.

The court below decided that the judgment of the County Court and its affirmance could not be enforced, evidently on the ground that it was void, and no other questions involved were passed upon. The court below will doubtless find no difficulty in correctly deciding other questions, upon which we express no opinion.

The cause should be reversed and remanded.

*Reversed and remanded.*

Adopted May 21, 1889.

Motion for rehearing was overruled.

*A. S. Walker, Jr.*, for motion.