THOMAS HENDERSON V. W. L. CABELL ET AL.

No. 3119.

**Removal of Causes to United States Courts.**—Suit was brought in the United States Circuit Court for the Northern District of Texas against the United States marshal and his sureties, for damages for illegal seizure of plaintiff's goods of alleged value of $4500. The defendants pleaded in abatement that the alleged value was fictitious, and so fixed for the purpose of giving the court jurisdiction. The issue was tried and a verdict was rendered finding the goods of less value than $2000. Upon this the case was dismissed. Thereupon suit was brought upon the same cause of action against the same defendants in the District Court of Dallas County. The defendants filed application and bond to remove the case to the United States court. The facts of the first suit were shown to the court, and removal was resisted. On appeal, *held*, that the judgment in the United States Circuit Court was an adjudication against the right of that court to exercise jurisdiction over the case, whether by original suit or by removal. The State court had a right to ascertain whether the case was removable, and should have been controlled by the jurisdictional fact ascertained in the United States court. It was error, therefore, in the trial court to treat the case as removed and in striking the case from the docket.

APPEAL from Dallas. Tried below before Hon. T. J. FREEMAN, Special District Judge.

On May 3, 1887, the appellant Thomas Henderson brought an action in the United States Circuit Court for the Northern District of Texas, at Dallas, against appellees W. L. Cabell and others, to recover damages in the sum of $4500 against said Cabell and the sureties on his official bond as United States marshal for the Northern District of Texas for an unlawful levy upon a certain stock of goods, wares, and merchandise, made by said Cabell acting in his official character as such United States marshal, by virtue of a writ of attachment then in his hands, against S. C. Carroll and the property of S. C. Carroll.

The petition alleged, that appellant owned an undivided one-half interest in said stock of goods, and was in possession of same, and that said Cabell as such United States marshal took them from the possession of appellant and converted them to his own use, etc., to appellant's damage, as above set forth, in the sum of $4500. The appellees, said Cabell et al., appeared in said United States court, and on June 2, 1888, filed therein a plea to the jurisdiction, in which they set out that plaintiff had wrongfully alleged the value of his goods taken and damage suffered at an amount exceeding $2000 for the purpose of conferring jurisdiction upon the court; whereas in fact the value of his goods taken and the damage suffered did not exceed $2000, and praying that the suit be dismissed for want of jurisdiction. Said plea to the jurisdiction was upon its merits submitted to a jury, who returned a verdict thereon in favor of appellees, said Cabell et al., and judgment was accordingly entered in said United States court dismissing

said cause from said court for want of jurisdiction, which judgment still stands in said court final, in nowise reversed or set aside.

On July 26, 1888, appellant Thomas Henderson filed in the District Court of Dallas County this suit against appellees W. L. Cabell et al., being upon the same cause of action sued upon in the United States court, the parties and the cause of action in both cases being identical, and alleging his damages at $2000; and on September 30, 1889, he amended his petition, in nowise changing the parties or cause of action, but alleging damages at $3500. On October 1, 1889, the defendants below, except one S. C. Carroll, filed in the District Court of Dallas County a petition for removal of the cause to the United States Circuit Court, and at the same time filed a bond for removal, S. C. Carroll, one of the defendants, not joining in either the petition or bond for removal, and the bond not being payable to him. On October 1, 1889, the plaintiff below filed an answer to the petition for removal, setting up among other things the facts stated above about the case having been originally brought in the United States court, and there having been a plea to the jurisdiction filed by the defendants, thence dismissed for want of jurisdiction, and alleging that it was res adjudicata; that the United States court did not have jurisdiction to hear and determine the cause; that it was not a removable cause; that the defendants were estopped to remove it. The facts stated in said answer were admitted to be true.

The court, on October 1, 1889, ordered the removal, to which plaintiff reserved his bill of exceptions. On October 11, 1889, the plaintiff filed a motion to set aside the order of removal, which motion was on October 22, 1889, allowed, and the cause reinstated on the docket for trial on its merits. . No further action was taken in the cause during that term of the court. At the next term, on January 23, 1890, when the cause was regularly called for trial, the defendants, except S. C. Carroll, filed a motion to strike the cause from the docket, on the ground that by the removal proceedings had at the last term of the court it had been removed to the United States court. This motion was refused by Hon. R. E. Burke, the regular judge of the district, who was then hearing the cause, and both parties answered ready for trial. After this, and while the jury were being impanelled, Hon. R. E. Burke became sick and unable to proceed with the case, and it was agreed that Hon. T. J. Freeman should try the case. After Hon. T. J. Freeman took the bench the motion to strike the cause from the docket was renewed, and overruled by Hon. T. J. Freeman. The case proceeded to trial, resulting in a judgment for the plaintiff for $1225.68.

On January 27, 1890, the defendants, except S. C. Carroll, filed a motion for a new trial, alleging among other things that the court erred in overruling their motion to strike the case from the docket. On February 21, 1890, Hon. T. J. Freeman sustained the motion for a new

trial, on the ground that there was error in not striking the case from the docket as prayed for, and set aside the judgment previously rendered for plaintiff and dismissed the cause for want of jurisdiction, to which plaintiff in open court excepted and gave notice of appeal to the Supreme Court. On February 22, 1890, plaintiff filed a motion to set aside the order dismissing the cause for want of jurisdiction, and award him execution, which motion was overruled on February 22, 1890, to which plaintiff in open court excepted and gave notice of appeal to the Supreme Court of the State.

The next term of the United States court after filing of the petition and bond for removal met at Graham, on October 21, 1889. The defendants, on said October 21, 1889, obtained from the clerk of the District Court of Dallas County a record of the proceedings had in that court, and procured the deputy clerk of the United States court at Dallas to indorse it as filed on that day, and it was then forwarded by mail from Dallas to Graham, and was deposited in the office of the United States clerk at Graham, on October 24, 1889, and was on next day, on motion of the defendants removing it, dismissed for want of prosecution, and the court adjourned on the same day, October 25, 1889. The plaintiff used diligence in prosecuting his cause, and inquired and ascertained that the record was not filed at Graham on the first day of the term, and he did not know of the filing and dismissal as above set forth until after the adjournment of the term. Plaintiff below, appellant here, filed his appeal bond on March 15, 1890, and assignments of error on the same day, and he now brings the case to this court for review.

The appellant presents the following introductory proposition, viz.: "On application for removal of a cause from a State court to the United States Court, it is the right and duty of the State court to inquire into and determine for itself whether the cause is removable and whether the petition and bond are sufficient for removal; and especially is this true where such determination involves the trial of no issue of fact, but is a decision upon the law alone.

"There was no issue of fact disputed or to be tried upon the application for removal. The facts set up by plaintiff in his answer to defendants' application for removal were in open court by all the parties admitted to be true. After the petitioners for removal filed the transcript in the United States Circuit Court they had it dismissed for want of prosecution under the circumstances set forth in plaintiff's bill of exceptions number 2, and the question of the removability of the cause and sufficiency of the petition and bond for removal have never been passed on by that court."

The foregoing proposition is supported by counsel with the following authorities: Railway v. Harrison, 73 Texas, 103; Railway v. McAllister, 59 Texas, 349; Harrold v. Arrington, 64 Texas, 233; Bank v. Adams,

130 Mass., 431; Burch v. Railway, 46 Iowa, 449; McWhinney v. Brinker, 54 Ind., 360; Angier v. Railway, 74 Ga., 634; Carewell v. Schley, 59 Ga., 170; Blair v. Railway, 7 Neb., 146; The State v. Johnson, 29 La. Ann., 399.

[This statement accompanied the opinion.]

*Cobb & Avery*, for appellant.—1. When issue is joined upon a plea to the jurisdiction and tried upon its merits by a jury who return a verdict thereon, upon which judgment is entered dismissing the cause for want of jurisdiction, such judgment is final and is res adjudicata between the parties. McLaughlin v. Doane, 40 Kans., 392; Bige. on Estop., 4 ed., p. 51; Herm. on Estop. and Res Adjudicata, p. 315, and cases cited; Wyatt's Admr. v. Rambo, 29 Ala., 510; Hamner v. Mason, 24 Ala., 480.

2. The petitioners for removal, when this cause was originally brought in the Circuit Court of the United States, having pleaded to the jurisdiction of that court over the subject matter of the suit, and by their prosecution of this said plea obtained a verdict and judgment in their favor dismissing the cause for want of jurisdiction, are now estopped from removing it back to the same court whence they caused it to be dismissed; it being the same suit, between the same parties, and over the same subject matter. McLaughlin v. Doane, 40 Kans., 392; 1 Herm. on Estop. and Res Adjudicata, sec. 285; Bige. on Estop., p. 687, et seq.

No brief for appellees reached the Reporter.

Marr, Judge, *Section A.*—It is insisted by appropriate assignments of error upon the part of appellant, that the court below erred in sustaining the defendants' motion for a new trial and in dismissing the plaintiff's suit for want of jurisdiction, upon the ground that the cause had been duly removed to the United States Circuit Court, and that the jurisdiction of the latter court over the case had attached from the time of the filing of the petition and bond of the before named defendants for a removal of the cause to said court. It is claimed that the right of removal to the Federal court was not shown by the defendants, and in fact did not exist in the present controversy under the laws of Congress, for the following among other reasons, viz.: 1. Because the judgment of the Circuit Court for the Northern District of Texas rendered in the original suit between the same parties and upon the identical cause of action as in the present action, and which was procured by the defendants, and which denied the jurisdiction of that court over the controversy, is res adjudicata, final, and conclusive of the question. 2. Because *all* of the defendants did not unite in the petition or join in the bond for the removal to the Circuit Court, as must be done where the sole

ground for removing the cause or conferring jurisdiction upon the Federal court is that the controversy "arises under the laws of the United States."

As we have already stated, one of the defendants (S. C. Carroll) was not a party to the application for the removal, nor is the bond made payable to him, nor is his name mentioned therein, but it seems from plaintiff's petition that he was only a nominal defendant. He appears to have been the partner of the plaintiff, and not one of the sureties of the defendant Cabell upon his official bond, as are the other defendants. He refused to join with the plaintiffs in bringing the suit, and on this account was made a party defendant, and as the petition states, "for the purpose of binding him by the judgment which may be rendered herein." All of the parties to this suit are citizens and residents of Texas, and it was claimed by the defendants that the jurisdiction of the Circuit Court could be exercised, because the suit is one which arises under articles 784, 785, and 786 of the Revised Statutes of the United States, which prescribe the liability of United States marshals and their sureties upon their official bonds, and a rule of limitation different from that which obtains in this State. Feibelman v. Packard, 109 U. S., 421; McKee v. Brooks, 64 Texas, 255; see also 66 Texas, 304. It would seem, at least under the latest enactments upon the subject by Congress, that the causes in which removals to the Federal court are contemplated are such as the Circuit Courts of the United States might have original jurisdiction of under these acts; and that where the foundation of the jurisdiction is that the suit is one arising under a law of the United States, then to justify a removal of such a suit from a State court to the Federal court all of the defendants must unite in the application. 24 U. S. Stats. at Large, p. 552; 25 U. S. Stats. at Large, p. 434; Reed v. Reed, 31 Fed. Rep., 49; Foundry Co. v. Howland, 99 N. C., 205; Dill. on Removal of Causes, sec. 80; Mayor v. Steamboat Co., 21 Fed. Rep., 593.

We are disposed to hold, however, that the latter proposition would not apply to this case, as the defendant Carroll is but a nominal defendant, and his interest, if any, in the suit is entirely distinct and separate from and in fact *opposed* to the other defendants. Furthermore, we do not deem it necessary to decide whether the bond should have been made payable to him (regarded as one of the plaintiffs) in the view which we take of the other objection made by the plaintiff to the defendants being allowed to exercise the right of removal to the Circuit Court as before stated. We are of the opinion that the judgment of the Circuit Court entered in the first suit between the parties was a final adjudication of the right of that court to exercise jurisdiction over the same cause of action between the same parties, and was binding upon the defendants to that extent that they could not again invoke the jurisdiction of that court over the same controversy. The judgment of

the District Court was not a mere interlocutory, but was a deliberate and "solemn" adjudication and decision of the question after a trial upon the merits of the issue before a jury. The issue was raised by the defendants themselves, who pleaded to the jurisdiction of the court, and alleged that the real and actual amount in controversy was below the jurisdiction of the court, and that the plaintiff had fraudulently overstated the amount of his damages solely for the purpose of conferring jurisdiction upon the court. The court, as we have seen, upon a full hearing sustained this plea of the defendants and dismissed the plaintiff's suit, and thus deliberately decided that the subject matter of the suit or the amount in controversy did not exceed in value $2000—a conclusion which was confirmed by the verdict of the jury rendered at the trial below upon the same state of facts or "matter in dispute."

The decision of the question then made must be considered as final and conclusive, whether it was erroneously made or not, as it was not appealed from nor reversed, nor in anywise vacated upon a direct proceeding for that purpose. The effect of that determination as a final declaration of a court of competent jurisdiction to decide the very question at issue, and which was then directly involved, was to deprive the United States Circuit Court of jurisdiction over this particular cause of action or matter in dispute between the parties, not only as asserted in the very suit then before the court, but in any other action therein, or in another court, which might be instituted thereon between the same parties. Sweatman v. Stratton, 74 Texas, 76. When, therefore, the defendants applied for the removal of the cause to the Federal court, it appeared conclusively from the judgment of that court that the "matter in dispute" in the present suit was not within the jurisdiction of the Circuit Court of the United States, as limited by the acts of Congress.

Had the plaintiff again instituted his suit in the Circuit Court, surely that court would not have been entitled to exercise, nor would it have exercised, jurisdiction over this second suit in face of its former judgment; and as we have seen, the test of the removability of the cause is whether the Circuit Court would have had "original cognizance" of the controversy. In consequence of the former decision of that court, the amount in controversy must be considered, at least so far as affecting the question of jurisdiction, as not exceeding $2000. The case was not, therefore, removable under the acts of Congress. This result is not affected by the fact that plaintiff by his amended petition in the present suit claimed damages in excess of that amount, because the former judgment remains in full force and effect, and neither party has made any attempt, as we have seen, to cause it to be revised, modified, or set aside. Freem. on Judg., sec. 260. We think, also, that the State court had the right to consider the effect of the judgment of the Circuit Court, in passing upon the application for the removal of the cause;

otherwise a suit could again be removed to the Federal court after the latter court had duly remanded it to the State court for want of jurisdiction. Such an experiment with the courts could be made if the party should see fit to present another application after the cause had been remanded, if the State court is powerless to look beyond the face of the pleadings and the application for removal, and can not consider the action already taken upon the matter by the Federal court. McLean v. Railway, 16 Blatchf., 369; but see Acts of Congress, 1887, 1888, pp. 552, 435, which make such orders of the Circuit Court *final*. Certainly the laws of the United States do not contemplate perpetual removals of the same controversy contrary to the judgments of both the State and Federal courts, or that the State court must allow the removal in every class of cases. For this and other reasons we hold, furthermore, that the court below, having control of its own orders during the term, possessed ample authority to vacate the previous order which it had made granting the petition for removal. The defendants took no exception to this last order of the court during the term. Dill. on Removal of Causes, sec. 137. The filing of the copy of the record with the deputy clerk at Dallas, on October 21, 1889, was clearly not an appearance in the Federal court at Graham, hence the jurisdiction of that court had not in fact attached when the revoking order was entered on October 22 in the State court. Dill., 146, 147.

The case not being removable under the law, the jurisdiction of the Federal court had not attached by reason of the filing of the petition and bond. Dill. on Removal of Causes, sec. 139; Seeligson v. Transp. Co., 70 Texas, 200. In denying the right of removal, the State court in the present instance only drew that conclusion from the undisputed facts, and was not required therefore to decide any issue of fact as affecting the sufficiency of the application. In support of the conclusiveness of the judgment of the Circuit Court as rendered in the first suit upon the question of jurisdiction, we cite the following authorities: McLaughlin v. Doane, 40 Kans., 392; Freem. on Judg., secs. 249, 255, 256, 267; Parker v. Spencer, 61 Texas, 161; Hagood v. Grimes, 24 Texas, 16; West v. Bagby, 12 Texas, 34; Sabrinos v. Chamberlain, 76 Texas, 624; Crane v. Blum, 56 Texas, 327; Morey v. Lockhart, 123 U. S., 56.

In McLaughlin v. Doane, supra, where the plaintiff's first suit, which was brought from a foreign judgment, had been dismissed upon a demurrer interposed by the defendant, on the ground that such judgment was void, it was held, in the second suit of the plaintiff upon the note upon which the foreign judgment had been rendered, that the former judgment upon the demurrer was conclusive upon the defendant and estopped him from pleading the foreign judgment in bar of the second action. Among other things the court say, that the judgment upon the demurrer was a "judgment upon the merits and disposes of the action, and that while that judgment remains unreversed it is com-

plete and final." * * * The defendant "can not consider it binding as against the plaintiff and not as against himself. He insists, however, that while the court did sustain the demurrer and dispose of that judgment, yet it was possible for the plaintiff to have amended his pleadings so as to have shown that the judgment was good. We think that this claim will not avail the defendant. If he knew the judgment was good and procured the court to make and render a decision to the contrary, he can not take advantage of it here. He was willing that the court should find that the judgment was void for want of service, and he can not be heard to say that the judgment was good. He can not be allowed to play fast and loose with the court."

These observations are peculiarly applicable to the inconsistent conduct of the defendants below, in reference to the jurisdiction of the Circuit Court over the particular matter in controversy, and they should therefore be held to be estopped by their own deliberate acts and pleas in the first suit.

Our conclusion is, that the court below, and not the United States Circuit Court, had the legal jurisdiction of this suit and the right to decide the controversy, as it did do, and therefore the District Court erred in granting the new trial to the defendants and in dismissing the suit upon the ground assigned for such action. This conclusion will necessarily lead to a reversal of the judgment dismissing the plaintiff's suit, but his counsel ask us to also reinstate the former judgment of the court rendered upon the verdict of the jury in his favor. The motion for new trial contains, however, other grounds therefor than the one sustained by the court below, viz., that the court was without jurisdiction to try the cause. For this reason we think that the judgment of the District Court which dismissed the plaintiff's suit, and from which this appeal is taken, should not only be reversed but also that the cause should be remanded for another trial.

*Reversed and remanded.*