MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS V.
H. A. HOLLAN.

Decided February 1, 1908.

**1.—Railroad—Road-Crossing—Use by Public.**

Whether a road crossing a railroad track and right of way has been
regularly established as such by the proper county authorities or is only a
roadway commonly and habitually used by the public with the knowledge and
acquiescence of the railroad company, the company owes to persons using such
road the duty of keeping the same free from dangerous obstructions. Evidence
considered, and held sufficient to support a finding that a railroad was guilty
of negligence in obstructing a roadway passing under a trestle and was there-
fore liable in damages to one injured by such obstructions therein while using
the same.

**2.—Roads—Testimony as to Character.**

The issue being whether or not a certain road in the Indian Territory
was a public road, the testimony of a witness having knowledge on the subject
to the effect that roads in said Territory were opened, worked and kept in
order by the citizens, by donation of labor and not by taxation, was competent.

**3.—Fellow Servant—Common Law Rule.**

One employed by contractors to drive a team in excavating earth on a
railroad right of way is not a fellow servant with the members of a bridge
gang employed by the railroad company and engaged in different work.

**4.—Same.**

One employed by contractors in excavating earth on a railroad right of
way was injured, while traveling along a roadway under a railroad trestle,
by the negligence of the railroad's bridge gang in obstructing the roadway;
the injury occurred out of work hours and when the plaintiff was travelling
the road in pursuit of his own purposes. Held, the common law doctrine of
fellow servant had no application.

**5.—Removal of Causes—Federal Question.**

To authorize a State court to remove a cause to the Circuit Court of the
United States on the ground that a Federal question is involved, it must be
shown that the construction of a Federal statute is necessary to the determina-
tion of the rights of the parties, and that the party seeking the removal
has a substantial defense thereunder. These facts must appear from the case
as made by plaintiff's petition. Suits in this State against a railroad for
personal injuries received in the Indian Territory are not necessarily remov-
able to the Federal courts because an Act of Congress puts in force in that
Territory the statutes of the State of Arkansas.

Appeal from the District Court of Grayson County. Tried below
before Hon. B. L. Jones.

*Coke, Miller & Coke* and *Smith & Wall*, for appellant.—The court
erred in refusing to give special charge No. 3 requested by the de-
fendant. Taylor B. & H. Ry. Co. v. Warner, 88 Texas, 647; Gulf,
C. & S. F. Ry. v. Montgomery, 85 Texas, ·67.

Whenever the determination of the rights of the parties to a
suit involves the construction of a Federal statute and petition and
bond for removal are duly filed the State court should remove the
cause to the proper Federal tribunal. Pacific Removal Cases, 115
U. S., 1; Bock v. Perkins, 139 U. S., 628; McKee v. Brooks, 64

Texas, 255; Sonnentheil v. Christian Moerlein Brewing Co., 172 U. S., 401; Ellis v. Norton, 16 Fed., 4.

Before appellee was entitled to recover in this case the burden was on him to show that the road which was obstructed was a public road, and having failed to discharge this burden he had no right to recover. Taylor B. & H. Ry. Co. v. Warner, 88 Texas, 647; Gulf, C. & S. F. Ry. v. Montgomery, 85 Texas, 67; Worthington v. Wade, 82 Texas, 26, and cases cited; Lutcher & Moore Lumber Co. v. Dyson, 30 S. W., 62.

*C. B. Randell* and *J. H. Wood,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—Appellee on August 30, 1906, instituted suit in the District Court of Grayson County, Texas, to recover of appellant damages in the sum of $35,000 on account of personal injuries he claims to have received on the 23d day of August, 1906, near Cale, in the Indian Territory.

Plaintiff alleged that his injuries were received through the negligence of the appellant under circumstances as follows: That at the time of his injuries he was a laborer; that on said date he was in the town of Cale, Indian Territory; that his place of abode was a short distance east of appellant's railway track; that a road or thoroughfare ran from the business part of Cale to appellant's track, then through and under a bridge or trestle, which was near appellee's place of abode; that said road or thoroughfare was a public road; that if the same had never been laid out and established as a public road, it was a road which was traveled a great deal by the public in vehicles, on horseback and on foot; that at the time of his injury appellant knew that the same was a public road and traveled a great deal by persons in such manner, or by the exercise of ordinary care could have known such things; that at the time appellee was hurt, appellant had hoisted some timbers in and near said trestle and road; that the same were left loose, that is, not fastened to the bridge or trestle and were sustained by props, guy ropes and block and tackle; that said timbers, guy ropes, block and tackle, and props were left near and across said road when appellant quit work on the afternoon of the night when appellee was hurt; that by those acts appellant was guilty of gross carelessness and negligence both in hoisting and placing said timbers, etc., and in allowing the same to remain hoisted and stand without being fastened to said trestle; also in placing and allowing said timbers to be in and near said roadway, and in leaving the same in that condition over night and in failing and refusing to put any guard across said road or to leave any signal light or watchman to give notice to persons who might be traveling along the same; that the appellant was negligent in permitting such things to be done, and at the time it did or permitted such things to be done, well knew that the same was dangerous and unsafe and liable to injure and hurt people who would undertake to use and had a right to use said public road and thoroughfare, and knew these things in time to have removed the same or in time to have taken proper steps to guard against danger

to travelers along said roadway by means of fencing off said road-way or guarding the same by lights or signals, yet failed to do any-thing to protect such persons and acted in utter disregard to the rights of appellee and of the public using said road; that appellee knew nothing of said timber, guy ropes, block and tackle and props being in, on, near or across said road; that as he was going to his place of abode it was quite dark, and while passing under said bridge or trestle when he arrived at the east end or side thereof his horse, upon which he was riding, ran against said false timbers, guy ropes, etc., got entangled therein, causing said timbers to fall and strike the appellee, knocking him to the ground with great force and violence and inflicting the injuries complained of; that at the time of the accident appellee was earning as a laborer the sum of $100 per month, and by reason of his injuries he has been incapaci-tated from doing any kind of labor, and his ability to labor has been greatly diminished and destroyed; that because thereof he has expended for medical services the sum of $250 and for medical bills the sum of $250 more, and will have to incur an expense of large sums for medical attention and for medicines in the future amount-ing to $500 more, which said expenses already paid and hereafter to be paid were and are reasonable.

The appellant answered by general demurrer, special exceptions, general answer, and then by special answer, and alleged in substance that appellee's injuries, if any were received, were proximately caused and contributed to by his own negligence and want of ordinary care and by that of his fellow servants; that they resulted from one of the risks assumed by him; that of the defects and causes which produced the same, if any were produced, appellee had full notice in ample time to have avoided the same; that they were caused by his own negligence, especially in this: that at the time of the injury he was proceeding along or under or about one of appellant's bridges without exercising care as to where he went or the dangers he might encounter in that he was proceeding along or about such places without right or authority, without giving heed to the dangers which might be expected, in that he knew the position of the ropes and timbers, etc., which he claims were the cause of his injury, yet rode or walked in the dark against the same and in some manner negli-gently caused his own injuries; that in passing under or about ap-pellant's bridge he took an unfrequented route, and one which he had no right or authority to take; that the same was caused by the inherent viciousness or vice of the animal he was riding and by the careless manner in which he was proceeding and acting at the time of the accident.

The cause was tried by a jury and resulted in a verdict and judg-ment for plaintiff for $3500. The appellant's motion for new trial having been overruled it perfected an appeal.

Error is assigned to the fourth paragraph of the court's charge, as follows: "The undisputed evidence in this case shows that plain-tiff, H. A. Hollan, was camped on or near defendant's right of way in company with other campers who were engaged in doing work on and along defendant's right of way on August 23, 1906. That the

town of Cale was something like a mile away from said camp-ground and on the opposite side of defendant's railway. If you believe from the evidence that on the occasion in question, namely, the 23d day of August, 1906, there was a roadway that crossed defendant's right of way under a bridge or trestle of defendant's right of way in the vicinity where plaintiff was camped, and if you further believe from the evidence that said roadway, if you find there was such a roadway, had theretofore been commonly and habit-ually used for travel by the public with the knowledge and acqui-escence of the defendant; and if you further believe from the evi-dence that the defendant had on said day hoisted some timbers on and near said trestle or bridge and in and near said roadbed, if any such roadbed you find there was, and you further believe from the evidence that said timbers were sustained by props or guy ropes, and that such props or guy ropes were placed near and across said road, if any there was that crossed under said bridge or trestle, and that they were so left when those doing said work on the after-noon of the said 23d day of August, 1906, ceased their work; and if you further believe from the evidence that after dark on said day plaintiff undertook to ride on horseback from the said town of Cale to his camp, and if you further believe .from the evidence that as he was crossing under said bridge or trestle in said roadway, if you find there was such roadway, the horse on which plaintiff was riding became entangled or ran against the said guy rope or prop holding said timbers, and thereby caused a piece of timber to fall from said bridge or trestle and inflict upon plaintiff the injuries complained of in his petition, and if you further believe from the evidence that the defendant in leaving said timbers and said guy ropes in the manner in which you find from the evidence it did leave the same, was guilty of negligence and that such negligence, if any, was the proximate cause of plaintiff's injury, if any, you will find for plaintiff, and assess his damages as hereinafter directed, unless you should find for defendant under other instructions given you." It is urged against this charge that there was not sufficient evidence to warrant a submission to the jury of the issue as to whether the road involved in this case was a public highway.

The railroad where appellee was injured runs north and south, and is constructed on a dump. At the end of the dump there is a trestle or bridge over a roadway commonly, and has been for many years, used by the public with the knowledge and acquiescence of appellant. The appellee and about twenty-five or thirty others were camped near the right of way and on the east side thereof. The right of way is fenced up to the end of this bridge or trestle, at which point the fence turns in to the end of the dump. The town of Cale is west, or a little north of west, of this trestle or bridge about one mile. The appellee on the 23d of August, 1906, was working for Patton & Gibson, driving a team attached to a wheel scraper. The regular time for quitting work is six o'clock p. m. Appellee quit work about a half hour before the usual quitting time. His wife was sick, and about 7 o'clock he started to Cale to get her some medicine. He left Cale about 8 o'clock on his return. He

was on horseback and the night was dark and cloudy. He traveled the usual way, and over a roadway from Cale leading by his camp, and upon reaching the trestle or bridge he crossed under the same to the east side thereof, when his horse ran into a guy rope stretched across the roadway, and a timber 12x12 and 18 or 20 feet long fell and struck him on his left leg, breaking it about three inches above the ankle, and at the ankle. This timber had been left by the bridge gang of appellant, suspended perpendicularly over the roadway, anchored by three guy ropes, one of which extended across the roadway. The plaintiff had no knowledge that the timber had been left in this position. There is evidence that this roadway had been regularly traveled by the public for over ten years at the time of the trial, January 26, 1907, with the knowledge of appellant. The people in the camp on the east side of the railroad have used this roadway commonly and habitually with the knowledge and acquiescence of appellant since they have been camped there, some two or three months prior to the injury to appellee.

The court did not submit the issue to the jury as to whether the road was a public highway. The evidence fairly warranted the court in submitting to the jury the issue as to whether or not the road under the bridge had been commonly and habitually used for travel by the public with the knowledge and acquiescence of appellant. Missouri Pac. Ry. v. Bridges, 74 Texas, 520; Dublin v. Taylor, B. & H. Ry., 92 Texas, 539; Texas & Pac. Ry. v. Kaufman Co., 17 Texas Civ. App., 251; Texas & Pac. Ry. v. McManus, 15 Texas Civ. App., 122; Missouri Pac. Ry. v. Lee, 70 Texas, 499.

The second assignment of error complains of the court's action in refusing to give requested charge No. 3, as follows: "In this case you are instructed that no duty rested upon the defendant to prepare and maintain a safe way for the passage of plaintiff or of the public under its bridge, and that the plaintiff or any member of the public passing thereunder took the risk of their act in so doing, with all the accompanying dangers." This charge does not announce a correct proposition of law and it was not error to refuse it. If the road under the trestle was commonly used by the public, and the fact was known to appellant, or could have been known by the use of ordinary care, it owed a duty to a person using said roadway, regardless of whether it was a public highway laid out as such by the authorities of the county, or only a roadway commonly and habitually used by the public with the knowledge and acquiescence of the appellant.

Error is assigned to the refusal of appellant's special charge No. 5 as follows: "If you believe from the evidence in this case that the defendant gave to the public or to the plaintiff and his co-laborers a right to travel under its bridge, as plaintiff was doing at the time he was injured, by mere permission or sufferance, then you are instructed that the plaintiff was a licensee and took the premises as he found them, and is (not) entitled to recover in this case, although you may believe that a person of ordinary care would not have left the timber in the position it was immediately prior to the accident." There was no error in refusing this charge. The question

of license is not raised by the pleadings or evidence. This charge, if given, would relieve appellant of all duty to a licensee and in this respect it does not announce a correct proposition of law. Appellee, at the time he was injured, was more than a licensee. Taylor, B. & H. Ry. Co. v. Warner, 88 Texas, 648. He was traveling a road commonly and habitually used by the public with the knowledge and acquiescence of appellant, and appellant at the time owed him the duty of ordinary care.

For the same reason it was not error to refuse appellant's special charge No. 6, reading: "If you believe from the evidence in this case that the plaintiff was in the employ of Patton & Gibson, and not in the employ of the defendant, and that the defendant gave to the public or to the plaintiff and his co-laborers a right to travel under its bridge, as plaintiff was doing at the time he was injured, by mere permission or sufferance, then you are instructed that the plaintiff was a licensee and took the premises as he found them, and is not entitled to a recovery in this case, although you may believe that a person of ordinary care would not have left the timber in the condition it was immediately prior to the accident."

Error is assigned to the court's refusal of appellant's special charge No. 7, as follows: "If you believe from the evidence in this case that the plaintiff was in the employ of Patten & Gibson, and not in the employ of the defendant, and that the defendant did not give to Patton & Gibson or to the plaintiff or his co-laborers employed by Patton & Gibson permission to use its right of way under the bridge, you will return a verdict for the defendant." Our remarks in disposing of the first assignment are applicable to this assignment and dispose of the same adversely to appellant.

Upon the trial, and during the examination of Dr. Keller, the following question was propounded to him by appellee: "I will ask you of your own knowledge how roads are opened, worked and kept in order in the Territory?" The question was objected to by defendant, as an opinion and conclusion and hearsay. The objection was overruled and the witness answered, "Why, they are worked by the citizens; they are not worked by taxation or anything of that kind; donations of labor I suppose." The witness was not testifying to an opinion, but to his own knowledge of the way roads are actually worked in the Indian Territory, and the testimony was proper to show the character of roads in the Territory.

The seventh assignment complains of the court's action in refusing to give to the jury appellant's special charge No. 2, as follows: "If you believe from the evidence in this case that the plaintiff at the time of his injury was in the employ of the defendant you will return a verdict for the defendant." The appellant presents the proposition that the common law rule of the fellow servant's doctrine applied in the Indian Territory at the time of the happening of this accident and of the trial of this cause, and the timber and ropes causing appellee's injuries having been placed and left in the position they were in by servants of appellant, who were working on and about the bridge, appellee had no right of recovery if he was an employe of appellant at the time of the accident.

The evidence shows that the appellee was working for Patton & Gibson. There is no evidence that he was working for the appellant. He was employed in driving a team excavating on appellant's right of way. He was not a member of appellant's bridge gang. At the time he was injured he was not engaged in the employment of Patton & Gibson or the railway, but was a traveler engaged in his own business, carrying medicine from the town of Cale to his camp for his sick wife. The question of fellow servant was not in the case. LaBatt, Mas. & Ser., sec. 624, p. 1832, note 13, and authorities cited therein; St. Louis, A. & T. Ry. v. Welch, 72 Texas, 302; 4 Thomp. Neg., sec. 4990.

The action of the trial court in refusing to give appellant's requested charges Nos. 8, 9, and 10 is assigned as error. These charges are as follows:

8. "If you believe from the evidence in this case that plaintiff at the time of his injury was in the employ of the defendant and was engaged in an act incidental to his services with defendant, you will return a verdict for the defendant."

9. "If you believe from the evidence in this case that the plaintiff was in the employ of the defendant at the time of his injuries and engaged in an act incident to such service, and that some servant of defendant was guilty of negligence which produced the plaintiff's injury, then you are instructed that the burden rested upon the plaintiff to show that the servant or servants of defendant whose negligence caused his injury were not his fellow servants, and if you believe that this is not shown by a preponderance of the evidence, you will return a verdict for the defendant."

10. "If you believe from the evidence that at the time plaintiff was injured he, in connection with others, was engaged in working for defendant, and you further believe that plaintiff received his injuries, if any, by reason of the negligent conduct of other persons who were at the same time and place working for defendant with plaintiff and others, then you are instructed to return a verdict for defendant."

We hold that there was no error in refusing either of these charges. The uncontroverted evidence shows that at the time appellee was hurt he was not engaged in any act incident to his service with the appellant, or any other person, but was engaged in obtaining medicine for a sick wife after working hours, when he was not subject to the orders of anyone.

The eleventh assignment assails the action of the trial court in overruling defendant's petition for a removal of this cause to the Circuit Court of the United States for the Eastern District of Texas, upon the grounds stated in said petition for removal. A sufficient bond for removal was filed by the defendant. The application for removal was based upon the allegation that the injury to appellee was inflicted in the Indian Territory, and that appellant's liability is governed by a proper construction of a law enacted by the Congress of the United States on the 2d day of May, 1890, entitled "An Act to Provide a Temporary Government for the Territory of Oklahoma, to Enlarge the Jurisdiction of the United States

Court in the Indian Territory, and for Other Purposes." Chapter 182, page 81, Acts 51st Congress, puts in force in the Indian Territory ceitain statute laws of Arkansas contained in Mansfield Digest, and among others, chapter 20, section 566, which provides: "The common law of England, so far as the same is applicable and of a general nature and all statutes of the British Parliament in aid of or to supply the defects of the common law made prior to the fourth year of James the First (that are applicable to our own form of government), of a general nature and not local to that kingdom, and not inconsistent with the Constitution and laws of this State, shall be the rule or decision in this State unless altered or repealed by the General Assembly of this State." The court overruled the application for removal. It is contended that the determination of the rights of the parties to this suit involves a construction of a Federal statute. To authorize a State court to remove a cause to the Circuit Court of the United States on the ground that a Federal question is involved, it must be shown that the construction of a Federal statute is necessary to the determination of the rights of the parties, and that the party seeking a removal has a substantial defense thereunder. McKee v. Coffin, 66 Texas, 307; Henderson v. Cabell, 83 Texas, 546; Blackburn v. Portland, etc., Co., 175 U. S., 571. This must appear from the case as made by plaintiff's petition. Oregon, etc., Ry. Co. v. Skottowe, 162 U. S., 490; Mountain View Mining Co. v. McFadden, 180 U. S., 535. The plaintiff's petition setting up his cause of action does not show that the construction of a Federal statute is necessary to the determination of the rights of the parties to this case. The cause of action arose under the statute of Arkansas, and not under the Act of Congress, putting that statute in force in the Indian Territory. The court properly overruled the application for removal.

The evidence fairly supported the verdict. The verdict embraces a finding that the defendant was negligent in leaving the heavy timber suspended over the roadway by a guy rope anchored across the road, and that plaintiff's injuries were the result of such negligence, and that he has sustained damage in the amount of the verdict and judgment; that plaintiff himself was free from negligence. The judgment is affirmed.

*Affirmed.*

Writ of error refused.