R. R. Leeray was convicted of theft, and he appeals. Affirmed.

R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Eastland county of theft of property of the value of more than $50, and his punishment fixed at five years in the penitentiary.

[1] The record contains three bills of exception, it being urged in bills Nos. 1 and 2 that the trial court erred in declining to give special charges to the effect that if appellant was not in possession of the alleged stolen car, and that he made no distinct and conscious assertions of ownership thereof, then he should be acquitted, and, further, that if the jury had a reasonable doubt as to whether appellant was in possession of said car or made no distinct assertion of ownership, he should be acquitted. Under all our authorities it is only held necessary to give a charge making guilt depend upon an assertion of ownership when the inference of guilt is sought alone from the circumstance of recent unexplained and personal possession. Lehman v. State, 18 Tex. App. 174, 51 Am. Rep. 298; Robinson v. State, 22 Tex. App. 690, 3 S. W. 736; Field v. State, 24 Tex. App. 422, 6 S. W. 200; Bryant v. State, 25 Tex. App. 754, 8 S. W. 937; Berry v. State, 37 Tex. Cr. R. 46, 38 S. W. 812. An examination of the record in the instant case reveals the fact that the state's case was in no wise dependent upon such fact of recent possession. In addition to proof showing appellant and his codefendant in the immediate neighborhood of the alleged stolen car on the night same was stolen, and the finding of said parties in possession of the car on the second day thereafter, we find the testimony of a witness who states positively that appellant and his codefendant approached him, and told him they had a car and were going in it across the country to El Paso, and were going to take this car to Mexico and turn it. This witness further stated that the car so referred to was the alleged stolen car. There are other circumstances in the record corroborating the proposition of appellant's guilt, which further rendered it unnecessary to give the special charges under discussion.

There remains but the question of the admission in evidence of a statement made by appellant after he was arrested that his name was Jack Moran. That he was going by the name of Jack Moran at the time was abundantly testified to by other witnesses, and is a fact about which there was no dispute, and said fact was further testified to by others as having been so stated by appellant, beside being the statement of the particular officer complained of in the bill

of exceptions. We do not think said bill presents any error for which the case should be reversed.

[2] The evidence seems to amply support the theory of appellant's guilt. A new Buick car worth $1,500 or $1,800 was taken on the night of November 29th and recovered a couple of days later. On the night of its disappearance appellant and his codefendant were seen by various parties in the town from which it was taken, and by one witness in the immediate neighborhood of the place where the car was parked. The car was carried into the country, and parts of same easily identified were removed, and two days later appellant and his codefendant were found in possession of the car, and in company with a young man who testified that they had invited him to go with them to El Paso. The parties declined to make any satisfactory explanation of their possession of the car. The testimony of the young man who was in the car with them, and which is above referred to, amply supports the proposition that they were claiming it and asserting their intention to carry it to Mexico and dispose of it.

Finding no error in the record, the judgment will be affirmed.

---

KING v. HOUSTON BELT & TERMINAL RY. CO. (No. 822.)

(Court of Civil Appeals of Texas. Beaumont. June 2, 1922. Rehearing Denied June 21, 1922.)

1. **Railroads** ⊜⟻344(2)—**Pleading failing to show character of crossing insufficient.**

An owner of a horse injured by a projecting spike at a crossing cannot recover on a pleading which fails to state that the crossing is a public crossing.

2. **Railroads** ⊜⟻350(3)—**Evidence of defective crossing held insufficient for jury.**

Evidence on the issue of a railroad's negligence in permitting a spike to extend above a rail at a crossing *held* insufficient to go to the jury; neither the existence of a public crossing nor knowledge of the condition being shown.

Appeal from Harris County Court; John W. Lewis, Judge.

Action by L. G. King against the Houston Belt & Terminal Railway Company. From judgment for defendant, plaintiff appeals. Affirmed.

A. C. Allen, of Houston, for appellant.
Andrews, Streetman, Logue & Mobley, of Houston, for appellee.

HIGHTOWER, C. J. The appellant, King, filed suit in the county court at law of Har-

ris county against appellant for the value of a horse alleged to have been injured by appellee's negligence, and also for the expenditure of money in the treatment of the horse by a veterinary surgeon.

It was claimed that appellee was guilty of negligence, in that it permitted a spike to extend an inch or more above the flange of one of its rails at a point where appellee's track is crossed by Leona street. It is not stated in the pleading whether this street was a public street or the crossing a public crossing, either by dedication or because of the use made of it by the public, nor is there any evidence in the entire record showing such facts. It is not even shown by the evidence or by the pleading that Leona street is within the corporate limits of the city of Houston, and we are left to infer these things, without any such allegation of fact or evidence supporting them. The evidence does show that appellee was a bill collector living in the city of Houston in Harris county, and that on the day of the accident he was crossing appellant's track where the same intersects and crosses Leona street (wherever that street is), and that his horse stepped on a spike which was exposed some half or three-quarters of an inch above the flange of the rail that it was supposed to fasten, and that the shoe on the horse's foot became fastened under the head of the spike, and he was caused to fall and his leg was broken. The value of the horse was sufficiently proven, as was also the money expended by appellee in his treatment of the horse. .

Upon conclusion of the testimony the trial judge instructed the jury to return a verdict in favor of the appellee, Houston Belt & Terminal Company.

[1, 2] Appellant, King, complains of this action on the part of the trial court, and contends, substantially, that there was evidence raising the issue of negligence on the part of appellee in permitting the spike to be in the position it was in at the time of the injury, and that the jury should have been permitted to pass on the question. As we have shown, there was no evidence, even had there been a pleading to the effect that this was a public crossing or that Leona street was a public street, either by dedication or by use of the public, and, in fact, there was no evidence to show that the point where the accident occurred was within the corporate limits of the city of Houston. Neither was there any testimony showing how long the spike had been exposed as it was at the time of the accident, and none showing or tending to show that appellee knew of the condition of such spike or that by the use of ordinary care it ought to have been known of same. The case seems to have been very carelessly tried by appellant, and is in such shape that we are compelled to affirm the judgment, both because of a lack of pleading and a lack of evidence showing negligence on the part of appellee. Stephenson v. Railway Co. (Tex. Civ. App.) 164 S. W. 1125; Railway Co. v. Hollan, 49 Tex. Civ. App. 55, 107 S. W. 642; Railway Co. v. Crabb (Tex. Civ. App.) 136 S. W. 825; Railway Co. v. Cason, 59 Tex. Civ. App. 323, 129 S. W. 394.

The judgment is affirmed.

---

⬅⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes