### SABENS et al. v. COCHRUM et ux.*
(No. 490.)

(Court of Civil Appeals of Texas. Waco. Feb. 17, 1927. Rehearing Denied March 17, 1927.)

1. Removal of causes ⬥29—Nonresident defendant held not entitled to removal, other defendants being residents, without showing separable controversy or fraudulent joinder of codefendants (Judicial Code, § 28 [U. S. Comp. St. § 1010]).

In suit for cancellation of deed, in which three defendants were joined, one defendant could not have cause removed to federal court on merely showing that he and plaintiffs resided in different states without mentioning other defendants, who were residents, under Judicial Code, § 28 (U. S. Comp. St. § 1010), permitting removal to federal courts for diversity of citizenship, where controversy is wholly between citizens of different states; it being necessary to show separable controversy existed as to him, unless shown by petition, or that codefendants were fraudulently joined.

2. Removal of causes ⬥79(2)—Amended petition for removal cannot be considered after entry of judgment in state court (Judicial Code, § 29 [U. S. Comp. St. § 1011]).

Amended petition for removal to federal court, filed after entry of judgment in state court, could not be considered under Judicial Code, § 29 (U. S. Comp. St. § 1011), providing for filing petition at any time before defendant is required by law to answer or plead.

3. Removal of causes ⬥89(2)—State court must deny removal, where petition is insufficient on its face.

Where petition for removal of cause to federal court is upon its face insufficient, state court is under duty to refuse removal.

4. Continuance ⬥51(1)—Refusal of second postponement of trial held not abuse of discretion, where no cause for delay was shown (Rev. St. 1925, art. 2167; rule 55 for district and county courts).

Where, after court had granted one postponement, defendant sought further postponement without giving any reason for delay requested, refusal to postpone trial under Rev. St. 1925, art. 2167, and rule 55 for district and county courts, held not abuse of discretion.

5. Appeal and error ⬥544(1)—Refusal of postponement cannot be considered, in absence of bill of exception.

Refusal of court to grant postponement is not presented for review, in absence of bill of exception thereto.

6. Homestead ⬥119—Conveyance of minerals on homestead involves realty, and requires acknowledgment.

Contract intended to convey interest in minerals on homestead property held undertaking to convey interest in realty subject to rule that conveyance of homestead property is void, unless acknowledged.

7. Homestead ⬥133—Contract to convey homestead without consideration held subject to cancellation, where no effective delivery was ever made.

Cancellation of contract of conveyance to homestead property which was never delivered for purpose of taking effect, and for which no consideration was paid or tendered, held not error.

8. Judgment ⬥252(5)—Where pleading and evidence warranted decree for cancellation of contract not specifically prayed, such decree could be entered under prayer for general relief.

Where petition set forth facts entitling plaintiffs to cancellation of contract, which were sustained by evidence, judgment awarding cancellation could be given under prayer for general relief, though specific relief of cancellation was not prayed.

9. Judgment ⬥252(5)—Decree to which plaintiffs are entitled under facts proved may be secured under prayer for general relief.

Prayer for general relief is sufficient to secure such decree as plaintiffs are entitled to under facts proved.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction May 11, 1927.

Error from District Court, Limestone County; J. R. Bell, Judge.

Suit by W. B. Cochrum and wife against E. H. R. Sabens and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

N. T. Stubbs and Jos. H. Byers, both of Mexia, and Lyle Saxon, of, Dallas, for plaintiffs in error.

Walters & Kidd, of Mexia, and J. E. & B. L. Bradley and Mr. & Mrs. C. S. Bradley, all of Groesbeck, for defendants in error.

STANFORD, J. Suit by Cochrum and wife, defendants in error, against E. H. R. Sabens, F. P. Kinion, and J. L. Day, plaintiffs in error. Sabens is alleged to reside in Tarrant county, Tex., and Kinion and Day in Limestone county, Tex. The purpose of the suit was to cancel the purported conveyance by Cochrum and wife to Sabens and Kinion of a one-sixteenth or a half of the royalty interest in 132 acres of land, the homestead of Cochrum and wife, alleging that said purported conveyance was procured by the fraudulent acts and conduct of Sabens and Kinion without paying anything therefor, and that same had been filed for record by J. L. Day, county clerk of Limestone county, and, unless restrained, would be recorded, and thereby cloud their title, so a temporary injunction was sought and granted to restrain all of said parties from placing said instrument of record. Service was had on all of said parties, returnable on May 3, 1926. On May 4, 1926, appearance day for said term of court, F. P. Kinion filed his petition and bond to remove said cause to the federal court, which petition and motion were overruled, and the case, on May 10th, was tried and judgment rendered for Cochrum and wife canceling said purported conveyance and perpetually enjoining the recording of same. On May 24, 1926, the said F. P. Kinion filed an amended petition and bond for removal of said cause to the federal court. The case was tried before the court without a jury, and, as above stated, judgment rendered for Cochrum and wife.

[1-3] Under several assignments, Kinion and Sabens contend the trial court erred in refusing the petition of Kinion for removal of said cause to the federal court. The record discloses that Cochrum and wife in their petition seeking a cancellation of the purported conveyance to Sabens alleged the joint false and fraudulent representations of F. P. Kinion and E. H. R. Sabens in procuring the transfer which they sought to have canceled, and also sought joint relief against them and J. L. Day, county clerk, restraining the record of such instrument, and prayed for a mandatory injunction against Sabens and Kinion to compel the delivery to them, Cochrum and wife, of the abstract of title alleged to have been wrong-fully obtained by them, Sabens and Kinion, and for general relief. Said pleading also alleged that Sabens resided in Tarrant county, Tex., and that Kinion and Day resided in Limestone county, Tex. All three of said parties were served with citation in time to require them to answer on May 4, 1926. F. P. Kinion alone, on May 4, 1926, filed a petition for the removal of the cause to the federal court, alleging his residence in Rhode Island and that of Cochrum and wife in Limestone county, Tex., and made no mention of the other defendants, Sabens and Day, in his petition. The final judgment in this cause was rendered on May 10, 1926. On May 24, 1926, the said F. P. Kinion filed his amended petition for removal. This amended petition for removal to the federal court, being filed after the judgment entry, was not entitled to be considered. Judicial Code, § 29 (U. S. Comp. St. § 1011) provides for filing such petition "at the time or at any time before defendant is required by law * * * to answer or plead," which in this case was on May 4, 1926, and there is no authority to be found in the Judicial Code, above referred to, or any reported case, for filing a petition for removal to the federal court of a cause in the state court after a trial and judgment in said cause in the state court. However, if said amended petition for removal could have been considered by the state court, it was not sufficient, and would not have cured the defect in the original petition for removal filed May 4, 1926, because in said amended petition for removal it is alleged that petitioner's codefendants, E. H. R. Sabens and J. L. Day, are residents of Texas, and does not allege or plead a separable controversy, but merely alleges that the other defendants are not necessary parties, because Day was sued only to restrain him from recording an instrument (proper on its face to be recorded), and Sabens because "he was not at the time of filing this suit and is not now interested in the matter, he having heretofore, and prior to the filing of said suit, sold and delivered the same to F. P. Kinion as sole owner and holder of the premises and property in issue in this suit." Where in a suit plaintiff and a part of defendants are residents of the same state in which the suit is filed, in order for a defendant who is a resident of another state to show a right of removal to the federal court, his petition therefor must allege facts showing a separable controversy, unless same is shown by plaintiff's petition or allege that his codefendants were fraudulently joined as defendants for the purpose of preventing a removal of said cause, in which case the petition must be sworn to. Judicial Code, § 28 (U. S. Comp. St. § 1010); 3 Foster's Federal Practice, p. 3008, § 548a; Chesapeake & O. R. Co. v. Dixon, 179 U. S. 131, 21 S. Ct. 67, 45 L. Ed. 121, 123; L. & N.

R. Co. v. Wangelin, 132 U. S. 599, 10 S. Ct. 203, 33 L. Ed. 474, at page 477;) Crehore v. Ohio & M. Ry. Co., 131 U. S. 240, 9 S. Ct. 692, 33 L. Ed. 144, 145; Wecker v. Stamping Co., 204 U. S. 176, 27 S. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757. Where a petition for removal is in regular form and sufficient upon its face to require a removal, and accompanied by the bond required by law, it is the duty of the state court to order such removal, as controverted facts arising upon such petition can be tried only in the federal court, but it is equally true that, where such petition is upon its face insufficient, as in this case, it is the duty of the state court to refuse such removal. C., R. & P. Ry. Co. v. Dowell, 229 U. S. 102, 33 S. Ct. 684, 57 L. Ed. 1090, at page 1096; I., C. R. Co. v. Sheegog, 215 U. S. 308, 30 S. Ct. 101, 54 L. Ed. 208; Oregon, etc., Ry. Co. v. Skattowe, 162 U. S. 490, 16 S. Ct. 869, 40 L. Ed. 1048; M. V. Mining Co. v. McFadden, 180 U. S. 535, 21 S. Ct. 488, 45 L. Ed. 656; M., K. & T. Ry. Co. v. Hollan, 49 Tex. Civ. App. 55, 107 S. W. 642, and cases cited; 34 Cyc. p. 1283, par. 3, and cases cited; 23 R. C. L. p. 677, § 72. We overrule these assignments.

[4, 5] Under other assignments plaintiffs in error contend the court erred in not postponing the trial of the case. The record discloses that on May 4, 1926, after the court had declined to remove the case to the federal court, plaintiffs in error verbally requested a postponement to a later day, and the postponement was made to May 8, 1926, and upon that date all parties, except E. H. R. Sabens, appeared and announced ready, but plaintiffs in error again requested a further postponement, in response to which the court's judgment recites: "But it appearing to the court that no good and sufficient cause was shown for such delay, the court required all parties herein to proceed with said trial," and on May 10, 1926, final judgment was rendered. The only answer presented consisted of a general demurrer and a general denial. No exception was reserved to the action of the court in refusing a further postponement, nor does it appear any reason was given for such request. The matter of postponement was within the discretion of the trial court. It does not appear such discretion was abused. Plaintiffs in error show no grounds for complaint. In fact, there being no bill of exception to the court's refusal of a further postponement, there is nothing presented here in such manner as to entitle it to consideration. Article 2167, Revised Civil Statutes; rule 55 for district and county courts.

[6, 7] Under their seventh assignment and proposition thereunder submitted, plaintiffs in error contend "that the contract was presumably canceled on the ground that the land described in the petition herein was the homestead of Cochrum and wife, and that said contract was void because not acknowledged," and claims that, as the royalty conveyed was not a part of the realty, the judgment of the court was erroneous. If said contract was intended to convey, and undertook to convey, an interest in the minerals in place, as we think it did, then it undertook to convey an interest in realty (Hill v. Roberts [Tex. Civ. App.] 284 S. W. 249) and cases there cited, and, said realty being homestead property, said conveyance was void because not acknowledged as required by statute. But we do not find it necessary, in order to sustain the judgment, to hold that said conveyance was void because not acknowledged, for, in addition to finding the property was homestead and said conveyance was the conveyance of an interest in realty, etc., the trial court found further that said conveyance was never delivered to E. H. R. Sabens and F. P. Kinion, or either of them, by the grantors, or either of them, for the purpose of taking effect, and that no consideration was ever paid for said contract nor tendered to plaintiffs. These additional findings are supported by the evidence, are not challenged by plaintiffs in error, and are ample to support the judgment of the trial court.

[8] Under the last assignment plaintiffs in error contend the trial court erred in adjudging the contract void and canceling same, because such relief was not specifically prayed for. Defendants in error, after pleading the facts fully warranting the judgment rendered, and after praying for certain special relief, continued as follows:

"Plaintiffs pray for costs of suit and for such other and further relief, general and special, in law and equity, that they may be justly entitled to, and for which they will ever pray."

[9] Under the pleading of defendants in error, and which are fully sustained by the evidence, and the prayer for general relief, the court was correct in adjudging said instrument void, and "that plaintiffs be quieted in their title so far as said instrument attempts to cloud same," although said last-mentioned relief was not specially prayed for. The prayer for general relief is sufficient to secure such decree as plaintiffs are entitled to under the facts proved. Hipp v. Huchett, 4 Tex. 20; Hardy v. De Leon, 5 Tex. 211, 246; Nash v. George, 6 Tex. 234, 238; Day Cattle Co. v. State, 68 Tex. 526, 4 S. W. 865; Boykin v. Pierce (Tex. Civ. App.) 240 S. W. 1114; Hinn v. Forbes (Tex. Civ. App.) 264 S. W. 190.

We have examined all of the assignments of plaintiffs in error, and, finding no reversible error, the judgment of the trial court is in all things affirmed.