## Jas. A. McKee et al. v. Tam Brooks.

64  255
83  545

(Case No. 5558.)

1. Removal to United States circuit court — United States marshal's bond — United States Revised Statutes, articles 783 and 784.— To determine the liability of a United States marshal and his sureties on his official bond, for a trespass alleged to have been committed by the marshal in his official capacity, resort must be had to article 783 of the United States Revised Statutes. To ascertain whether or not a party aggrieved by the breach of the conditions of such bond may recover damages against the marshal and his sureties, and the extent to which damages may be allowed, resort must be had to the next article of the same statutes.

2. Same.— In the absence of a provision to that effect in the laws of the United States, no recovery could be had against the marshal or his sureties. It would, therefore, be necessary to construe the two above named articles, if not others, in determining the right of a plaintiff to sue for such a trespass.

3. Same.— A suit which cannot be prosecuted, defended or determined without a resort to these articles of the Revised Statutes of the United States, and a construction of them, is a suit arising under the laws of the United States, as decided in Feibelman v. Packard, 109 U. S., 421.

4. Decision of United States supreme court binding.— The supreme court of the United States, on questions of this character, has appellate jurisdiction upon a writ of error to a state court, and its decisions are therefore binding; so it is not necessary or proper for this court to consider this as an original question.

5. Case reviewed.— In the case of Feibelman v. Packard the United States supreme court held that an action against a United States marshal for seizing a stock of goods under the authority of a writ from a district court of the United States in proceedings in bankruptcy, the suit being on his official bond, and the sureties therein being joined as co-defendants, was a civil suit arising under the constitution and laws of the United States, and could be removed from a state court to the federal court, under the act of congress of March 3, 1875. No stress whatever was laid by the court upon the fact that the process under which the seizure took place was issued in bankruptcy proceedings, but the decision was based solely on the grounds that the suit was upon the bond of a United States marshal; that this bond was required to be given under article 783 of the United States Revised Statutes; that the right of action was given by the succeeding article, and that a suit for a trespass committed by him under color of his office was an action under those articles, and might also involve a construction of the two succeeding articles.

6. Same — Decisions prior to Feibelman v. Packard.— Prior to the act of March 3, 1875, there was no statute authorizing removals on the ground that the suit arose under the constitution and laws of the United States, and decisions prior to that act are not applicable. The case of Phillips v. Edelstein was decided before the court of appeals had access to Feibelman v. Packard; otherwise that court would doubtless have followed the decision in that case.

Appeal from Hill. Tried below before the Hon. J. M. Hall.

The appellee, plaintiff below, sued for the value of certain merchandise alleged to have been seized and converted by the appellant, McKee, acting as United States marshal for the northern district of Texas, and against the other defendants as sureties upon his official bond. Service was perfected to the March term, 1885. On February 26, 1885, defendants filed their petition for the removal of the cause to the circuit court of the United States for the northern district of Texas, on the ground that the cause was one arising under the laws of the United States, and with it the proper bond. On March 7, 1885, the district court overruled the application to remove, and no other appearance or answer being made or filed, judgment was rendered against defendants for $2,519.77.

*Field & Johnson* and *Robertson & Coke*, for appellants, cited: Acts of Congress of March 3, 1875, secs. 32–3; Feibelman *v.* Packard, 109 U. S., 421; R. R. Co. *v.* Mississippi, 102 U. S., 141; 19 Fed. R., 561; 8 Fed. R., 724; 22 Fed. R., 801; 1 McCrary, 598; 4 Dill., 242; 16 Fed. R., 706.

*Jo Abbott, B. D. Tarlton* and *A. P. McKinnon*, for appellee, cited: Buck *v.* Colbath, 3 Wall., 335, especially that part on pages 343 and 344; McKee *v.* Raines, 10 Wall., 22; Phillips *v.* Edelstein, Willson's Appeal Cases, vol. 2, part 1 to 4, page 394, § 449; Desty on Removals, 200.

WILLIE, CHIEF JUSTICE.— It is apparent from the petition for removal, taken in connection with the pleadings of the plaintiff below, that this suit is upon the official bond of a United States marshal, and is based upon articles 783 and 784 of the Revised Statutes of the United States. The trespass is alleged to have been committed by McKee, as United States marshal, and to have been one for which the sureties upon his bond as such marshal were liable. To determine whether or not a marshal gives an official bond, and, if so, as to the conditions of that bond for the performance of which he and his sureties bind themselves, we must resort to article 783 of the United States Revised Statutes. To ascertain whether or not a party aggrieved by a breach of any of the conditions of said bond may recover damages against the marshal and his sureties, and the extent to which damages may be allowed, we must resort to the next article of the same statutes. It is clear that without some provisions to that effect in the laws of the United States, no recovery could be had against the parties sued as sureties in this case for

the trespasses laid to the charge of the United States marshal. In determining, therefore, the right of the plaintiff to recover, the court below would have been compelled to construe the two above named articles at least, if not others which follow them in the same connection.

The only question therefore is: Is a suit which cannot be prosecuted, defended or determined without a resort to these articles of the Revised Statutes, and a construction of them, a suit arising under the laws of the United States? It is not necessary or proper for us to consider this as an original question, or to state what would have been our decision had it never been adjudicated by a court having final appellate jurisdiction of such matters. Upon such questions it is now conceded that the supreme court of the United States has appellate jurisdiction upon a writ of error from this court, and its decisions upon them are therefore binding upon us.

In the case of Feibelman v. Packard, 109 U. S., 421, that court held that an action against a United States marshal for seizing a stock of goods more than $500 in value, under authority of a writ from a district court of the United States in proceedings in bankruptcy, the suit being on his official bond, and the sureties therein being joined as co-defendants, is a civil suit arising under the constitution and laws of the United States, which may be removed from the state courts to the federal courts. Upon an examination of the opinion in that case, it will be found that it is placed solely upon the ground that the suit was upon the bond of the United States marshal, and that this bond was required to be given under article 783 of the Revised Statutes, and the right of action was given by the succeeding article. It is incidentally stated that articles 785 and 786 contain provisions regulating the suit and prescribing the time within which it must be brought. No stress whatever is laid upon the fact that the process under which the seizure complained of took place was issued in bankruptcy proceedings, or that it directed the marshal to seize any particular property, if indeed such was the case.

The decision is placed fairly upon the general ground that a suit against a marshal and his sureties for a trespass committed by him under color of his office is an action under articles 783 and 784 of the Revised Statutes of the United States, and may also involve a construction of the two succeeding articles, and, as such, arises under the laws of the United States, and is removable under the act of congress of March 3, 1875. This principle must govern the case under consideration, and in accordance with the above decision it

must be held that it was removable upon the application made to the court below.

The statutes governing the removal of causes in force prior to the act of March 3, 1875 (under which latter act the foregoing decision was made), did not allow removals upon the ground that the suit arose under the constitution and laws of the United States, and hence the decisions cited in which the United States supreme court refused such removals under former acts are not applicable. See McKee v. Raines, 10 Wall., 22; Bigelow v. Forrest, 9 id., 329.

The case of Phillips v. Edelstein, 2 Willson's Ct. of App. Cases, § 449, was decided before the court of appeals had access to the case of Feibelman v. Packard, else doubtless that learned court would have followed that decision.

We are of opinion that the removal should have been granted, and for the error of the court in refusing it, the judgment must be reversed and the cause remanded, with instructions to the court below to enter up an order removing the cause to the circuit court of the United States for the eastern district of Texas, and to make such other orders as may be necessary to carry the above order into effect.

REVERSED AND REMANDED.

[Opinion delivered June 2, 1885.]