ENEDINA GUTIERREZ v. EL PASO & NORTHEASTERN RAILROAD COMPANY.

No. 1933. Decided March 24, 1909.

1.—Death—Statute—Notice of Claim.

An action in Texas to recover for death of plaintiff's husband in the Territory of New Mexico by defendant's negligence must show a right to recover under the laws in force in that Territory; and failure to give notice of plaintiff's claim within 90 days from the injury, as required by the statutes

of that Territory, would preclude recovery upon any right given by such statutes. (P. 381.)

### 2.—Death—Extra-Territorial Action.

The right of action given to the personal representative of deceased by the Employer's Liability Act of Congress (Act of Con. of U. S. approved June 11, 1906) could be maintained by such representative, being the widow and sole beneficiary, in the courts of Texas, though the injury and death occurred in the Territory of New Mexico. (Pp. 381–384.)

### 3.—Federal Law—Employer's Liability Act—Validity in Territory.

Though held by the Supreme Court of the United States (207 U. S., 463) to be invalid in its application to common carriers engaged in interstate commerce, as such, the Employer's Liability Law (Act of Congress approved June 11, 1906) in its application to carriers within a Territory of the United States (New Mexico) was within the power of Congress irrespective of the limits of its authority to regulate interstate commerce, was not so blended with the provisions of such Act with reference to interstate commerce as to be inseparable from and stand or fall with the validity of such provisions, and should be sustained as a valid statute in its application to carriers in such Territory. (Pp. 381–384.)

### 4.—Same—Cases Distinguished, Followed, etc.

The ruling in the Employer's Liability Cases, 207 U. S. 463, limited; and those in Hyde v. Southern Ry. Co., 37 App. D. C., 466; Hanley v. Kansas City Southern Ry. Co., 187 U. S., 617, sustaining the statute as applied to territory in which the legislative power of Congress extends to all subjects, followed. (Pp. 382–384.)

Error to the Court of Civil Appeals for the Fourth District, on error from El Paso County.

Suit by Enedina Gutierrez against the railway company. Plaintiff recovered judgment and defendant prosecuted writ of error. The Court of Civil Appeals, reversed and remanded, with a dissenting opinion. Appellee procured writ of error from the Supreme Court.

*F. G. Morris,* for plaintiff in error.—The Act of New Mexico pleaded is, under the 14th Amendment of the Constitution of the United States and under the organic act of New Mexico, unconstitutional and void as to nonresidents of New Mexico who are injured through negligence of others and who survive the injury. Atchison, T. & S. F. Ry. Co. v. Sowers, 99 S. W., 190; Act of Congress establishing Territory of New Mexico, Sept., 1850, secs. 7, 10, 17; Angle v. Chicago, etc., Ry. Co., 151 U. S., 127; Springville v. Thomas, 106 U. S., 707; Cullan v. Wilson, 127 U. S., 540; Blake v. McClung, 172 U. S., 239; Chambers v. Baltimore & O. Ry. Co., Adv. sheets U. S., Dec. 16, 1907; Chicago, etc., Ry. Co. v. State of Minn., 134 U. S., 418; Riggs v. Martin, 41 Am. Dec., 103; Hanson v. Krehbiel, 64 L. R. A., 790; Davis v. Jennings, 48 L. R. A., 340; Bennett v. Davis, 37 Atl., 864; Park v. Detroit Free Press Co., 40 N. W., 73; McGee v. Baumgartner, 121 Mich., 287; S. & N. A. R. Co. v. Morris, 65 Ala., 193.

*Hawkins & Franklin,* for defendant in error.—The injuries which resulted in the death of Antonio Gutierrez having been inflicted in the Territory of New Mexico, and said Antonio Gutierrez having died there, and the Act of Congress invoked by the plaintiff being

void, the liability or nonliability of the defendant in damages was determinable by the laws of said territory, and it was error for the court to sustain the exceptions or demurrer to the plaintiff in error's pleading setting up said laws in bar. Gulf, C. & S. F. Ry. v. Rainey, 24 S. W., 654; Bonham C. P. Co. v. McKellar, 86 Texas, 694; Clarendon, etc., v. McClellon, 86 Texas, 179; Howard v. Railway, Advance Sheets February 1, 1908, p. 141; Worley v. Smith, 26 Texas Civ. App., 270; Western Union Tel. Co. v. Mitchell, 89 Texas, 441; Stansbury v. Nicholl, 30 Texas, 150.

Mr. Justice Brown delivered the opinion of the court.

This suit was instituted in the District Court of El Paso County, on April 19, 1907, by the plaintiff in error as administratrix of the estate of Antonio Gutierrez, for the benefit of herself as the widow of the said deceased. It was alleged that the said Antonio Gutierrez left no child. It was also alleged that on or about the 22d day of June, 1906, in the Territory of New Mexico, the said Antonio Gutierrez was in the employ of the defendant railroad company and on that day was riding upon a flat-car at the direction and command of the servants and agents of the railroad company for the purpose of being transported to another place on the said road in order to engage in the work of repairing the track. That on the said date the agents and employes of the defendant railroad company who were engaged in handling and controlling the train in which the said car was, by their negligence in making a flying switch without giving notice to the said Antonio Gutierrez, caused him to fall upon the track of the said road and to be run over by one of its cars and thereby killed. Proper allegations were made of his earning capacity and all the facts necessary to entitle the plaintiff to recover, except that there was no allegation that he had made affidavit and given notice to the company, as required by a statute of the Territory of New Mexico, which statute prescribed that no right of action should accrue to any person on account of such an accident unless the affidavit prescribed should be made within ninety days from the date of the injury.

The defendant excepted to the plaintiff's petition on several grounds, among them that she could not recover as administratrix of the estate of the deceased. The railroad company also pleaded the statute of the Territory of New Mexico to the effect that the plaintiff, in order to entitle her to recover, must have made an affidavit and given the notice prescribed in the statute, which it is alleged had not been done. The allegation set out the substance of the statute in detail, which it is not necessary to repeat here. Plaintiff excepted to that portion of the answer which set up the statute of New Mexico as a defense, and the trial court sustained the exception. Plaintiff also filed a supplemental petition in which she alleged that at the time of the accident the Act of Congress, known as the Employer's Liability Act, approved June 11, 1906, was in force in the Territory of New Mexico.

The judge of the District Court gave a charge to the jury in which he virtually submitted the plaintiff's case upon the Act of Congress

above stated. The jury returned a verdict for $3,500 in favor of the plaintiff, and judgment was entered accordingly, which judgment the Court of Civil Appeals reversed and remanded the cause, from which judgment Associate Justice Fly dissented. The validity of the Act of Congress of June 11, 1906, before mentioned, was involved in this litigation.

The railroad company, in its brief presented to the Court of Civil Appeals, set up no question of facts except that the plaintiff had failed to prove that she made and presented an affidavit required by the law of New Mexico, which was not controverted. The following questions of law are presented to the court in that brief: (1) That the plaintiff, as administratrix of the estate of deceased, could not maintain her action in the courts of Texas; (2) That under the law of the Territory of New Mexico she had no right of action because she had failed to make the affidavit required by law; and (3) That the trial court erred in submitting the case upon the Act of Congress before mentioned.

The Congress of the United States enacted a statute from which we make the following extract, which statute was approved June 11, 1906:

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That every common carrier engaged in trade or commerce in the District of Columbia, or in any Territory of the United States, or between the several States, or between any Territory and another, or between any Territory or Territories and any State or States, or the District of Columbia, or with foreign nations, or between the District of Columbia and any State or States or foreign nations, shall be liable to any of its employes, or, in the case of his death, to his personal representative for the benefit of his widow and children, if any; if none, then for his parents; if none, then for his next of kin dependent upon him, for all damages which may result from the negligence of any of its officers, agents, or employes, or by reason of any defect or insufficiency due to its negligence in its cars, engines, appliances, machinery, track, roadbed, ways or works."

At common law the widow of Antonio Gutierrez would have no right of action on account of the death of her husband. She must rely upon the statute of the Territory of New Mexico, or upon the Act of the Congress of the United States, commonly known as the Employer's Liability Act, hereafter called the liability act. In her suit she has claimed a recovery under each of said laws. In order to recover under the Act of the Territorial Legislature the plaintiff must show that she has complied with all of the conditions which that Act imposed upon her, and, having failed to make such proof in the fact that she has not made the affidavit required by the statute nor given the notice to the railroad company which that statute made a condition precedent to the vesting of her right, she can not recover under that law.

At the death of Antonio Gutierrez the Act of Congress, known as the liability act (if valid), was in force in the Territory of New Mexico. By the terms of that Act a right of action was given to

the "personal representative" of the deceased, and the plaintiff could sue as the administratrix of the estate of Antonio Gutierrez for the use of herself as widow, there being no child. It is claimed by the defendant that the Act of Congress was declared void by the Supreme Court of the United States in the Employer's Liability Cases, 207 U. S., 463, and the Court of Civil Appeals so held in this case. The first question for us to determine is, does the decision in the Liability Cases cited declare the statute invalid in its application to the Territories? Of course, the decision of the Supreme Court of the United States upon that question will be followed by this court.

It is true that in the case cited the Supreme Court of the United States held the Act of Congress, as applied to interstate commerce, to be void. That court said: "Now, the rule which the statute establishes for the purpose of determining whether all the subjects to which it relates are to be controlled by its provisions is that (if) anyone who conducts such business be a 'common carrier engaged in trade or commerce in the District of Columbia or in any Territory of the United States or between the several States,'" etc. "That is, the subjects stated all come within the statute when the individual or corporation is a common carrier who engages in trade or commence between the States. . . . Stated in another form, the statute is addressed to the individuals or corporations who are engaged in interstate commerce, and is not confined solely to regulating the interstate commerce business which such persons may do—that is, it regulates the persons because they engage in interstate commerce and does not alone regulate the business of interstate commerce." It is evident that the court considered the Act only as it affected those who were engaged in interstate commerce and had not in mind that portion of the statute which relates to the Territories or the District of Columbia. As showing that the scope of the decision must be limited to interstate commerce and matters connected with it we note the fact that, of the five judges who constituted the majority that made the decision, Justices Peckham and Brewer concurred only in the result. Justice Peckham said: "I concur in the proposition, that as to traffic or matters within the State, the Act is unconstitutional, and it can not be separated from that part which is claimed to be valid as relating to interstate commerce. As that is all that is necessary to decide in this case, I place my concurrence upon that part of the opinion which decides it." Justice Brewer concurred with Mr. Justice Peckham, so that of the five who rendered the opinion only three endorsed it as a whole. This results in limiting the effect of the opinion to the subject stated by Mr. Justice Peckham, that is, to traffic or commerce within a State by corporations or persons engaged in interstate commerce. It is manifest that the Supreme Court of the United States did not decide the question before us. It rests with this court to determine whether the part of the bill which relates to the Territories is so separable from that which was held invalid as to stand, notwithstanding the invalidity of a portion of the law.

Subdivision 4 of section 8, article 1, of the Constitution of the United States reads: "The Congress shall have power to regulate

commerce with foreign nations, and among the several States, and with the Indian tribes." In the exercise of the power conferred by that provision Congress enacted that portion of the Employer's Liability Act which declared that "common carriers engaged in commerce between the States, etc., shall be liable to any of their employes," etc. That language was by the Supreme Court of the United States in the Employers' Liability Cases held to embrace injuries which might be received by employes of such carriers when not engaged in commerce between the States, therefore, the court held that the law exceeded the powers of Congress and was void. Because the liability to the two classes of employes was inseparably blended in the language of the Act the court held that the provision with regard to liabilit⁓ of carriers engaged in interstate commerce was void as a whole.

Congress is by the Constitution invested with full power to legislate for and make all rules and regulations necessary for the government of the Territories of the United States. In the exercise of that power Congress, in enacting the Employers' Liability Law, provided for the liability of carriers, engaged in commerce within the Territories, to any of their employes, whether engaged in interstate commerce or otherwise. This part of the Act being strictly within the powers of Congress must be held valid, unless it is rendered invalid by reason of its being inseparably connected with that portion of the Act which is void. We will now proceed to examine the relation which these two provisions bear to each other.

Thus we see that the liability law is the product of two distinct powers, embracing two distinct subjects, and might with propriety have been enacted into separate statutes; indeed, for construction and application it must be divided thus: "That every common carrier engaged in trade or commerce in the District of Columbia or in any Territory of the United States . . . shall be liable to any of its employes," etc. This is a complete law with regard to the liability of carriers within the Territories, and its separation from the other portions of the statute does not in the least impair either, but there remains intact ample provision as to the liability of the carrier engaged in commerce between the States, which would read: "That every common carrier engaged in trade or commerce . . . between the several States or between any Territory and another, or between any Territory or Territories and any State or States, or the District of Columbia, or with any foreign nation, or between the District of Columbia and any State or States or foreign nations, shall be liable," etc. The learned judge who wrote the opinion in the Employers' Liability Cases so separated these subjects by not considering the portion we have under examination. Indeed, that law can not be applied to either class of employers without separating the provisions as above; the terms of one clause can not be applied to the subject of the other.

The provision of the law under which defendant in error claims damages being independent of the invalid clause, we will presume that Congress would have enacted the valid part without that which was condemned by the court. Congress was not only authorized to

legislate for the Territories, but it was its duty to do so, and we are unable to see any reason for supposing that that body would not have performed the duty in this instance.

In a well considered and able opinion by Chief Justice Shepherd, the Court of Appeals for the District of Columbia has sustained the validity of the Employers' Liability Law in its application to that district. Hyde v. Southern Ry. Co., 37 App., D. C. 466; Hanly v. Kansas City Southern Railway Co., 187 U. S., 617.

The Court of Civil Appeals erred in reversing the judgment of the District Court. It is therefore ordered that the judgment of the Court of Civil Appeals be reversed and the judgment of the District Court be affirmed.

*Reversed and judgment of District Court affirmed.*