HARRY SLOCUM FRIDAY, Appellee, v. SANTA FE
CENTRAL RAILWAY COMPANY, Appellant.

## SYLLABUS (BY THE COURT.)

1.   The record in this case, (especially when aided by
our statute as to amendments of the record in formal mat-
ters even after appeal) sufficiently shows the injuries alleged
to have occurred in the First Judicial District.

2.   Judicial notice is taken of the counties composing a
Judicial District and of the county in which known railroad
stations or points on a railroad line at known distances from
such stations are located.

3.   The federal employer's liability act of June 11, 1906,
is valid as to the Territory of New Mexico (following El Paso
& N. E. Railway Company v. Gutierrez, U. S. Sup. Court,
decided November 15, 1909.)

4.   This court will not review instructions not excepted
to in the trial court.

5.   Assignments of error on the admissibility of testi-
mony must, to be cognizable by this court, point out specif-
ically the testimony deemed objectionable.

6.   Under the rule of practice just stated an assignment
alleging error in the reception of the testimony, upon a given
point, of some seven witnesses, whose testimony upon that
point went in under different circumstances and against vary-
ing objections, is too general to be entertained and is con-
trary to rule 14 of this court requiring each error to be
stated in a separate paragraph.

Appeal from the First Judicial District, before JOHN
R. McFIE, Associate Justice.   Affirmed.

N. B. LAUGHLIN and CHARLES F. EASLEY for Ap-
pellant.

Friday v. Railway Co., 16 N. M. 434.

The venue should have been alleged in the complaint. Hill et al. v. Walker, 167 Fed. 245; 97 Fed. 817.

Federal Liability Act of June 11, 1906, is unconstitutional. Howard v. Illinois Central Railroad Co., 207 U. S. 463, 51 L ed. 297; Illinois Central Railway Co. v. McKendree, 203 U. S. 514; United States v. Reese, 92 U. S. 214; Trade Mark Cases, 100 U. S. 82; Allen v. Louisiana, 103 U. S. 80; United States v. Harris, 106 U. S. 629; Poindexter v. Greenhow, 114 U. S. 270; Spreigue v. Thompson, 118 U. S. 90; Baldwin v. Franks, 120 U. S. 678; Connolly v. Union Sewer Pipe Co., 184 U. S. 540; James v. Bowman, 190 U. S. 127; United States v. Ju Toy, 198 U. S. 253; A. T. & S. F. Railway Co. v. Mills, 108 S. W. 480; Hyde v. Southern Railway Co., 31 App. D. C. 460; Powell v. Wisconsin Central Railway Co., 159 Fed. 864; Howard, Admr. v. Illinois Central R. Co., et al., 207 U. S. 463.

Act of April 22, 1908, c. 149, 35 Stat. pt. 1, p. 65, is not retroactive. Winfree v. Northern Pacific Ry. Co., 164 Fed. 898; Plummer v. Northern Pacific Railway Co., C. C., 152 Fed. 206; Thornton on the Employers' Liability and Safety Appliance Acts, sec. 109 b; Osborn v. Detroit, 32 Fed. 36; Eastman v. County of Clackamas, id. 24; Humboldt, etc., Co. v. Christopherson, 73 Fed. 239; Wright v. Southern Ry. Co., 80 Fed. 260; Plummer v. Northern Pac. Ry., 152 Fed. 206; Hall v. Chicago, etc., R. Co., 149 Fed. 564

On motion for rehearing. R. S. U. S., secs. 1874, 1910; Organic Act, sec. 10; C. L. 1897, secs. 880, 900, 1040, 901, 905, 2950.

The federal and territorial sides of the district courts are separate and distinct. Schofield v. Stephens, 7 N. M. 619; R. S., secs. 1874, 1910; Robinson v. Peru Plow, etc. Co., 1 Okla. 140; Ex parte Crowdog, 109 U. S. 560; Gon Shay Ee, Petitioner, 130 U. S. 343; C. L. 1897, sec. 900; Hornbuckle v. Toombs, 18 Wall. 648; Clough v. Curtis, 131 U. S. 361, 33 L. ed. 945; Rev. Stat. Idaho, sec. 3830; McAllister v. U. S., 141 U. S. 174, 35 L. ed. 693; Good v. Martin, 95 U. S. 90; Reynolds v. U. S., 98 U. S. 145; City of Panama, 101 U. S. 453; See also Thiede v. Utah

Ter., 159 U. S. 570; Simms v. Simms, 175 U. S. 162; Ferris v. Higley, 87 U. S. 375; Benner v. Porter, 9 How. 125; Nickels v. Griffin, 1 Wash. Ter. 374; Phelps v. City of Panama, 1 Wash. Ter. 518; Lincoln, Lucky & Lee Mining Co. v. District Court, 7 N. M. 486; Osborn v. U. S. Bank, 9 Wheat. 816; Metcalf v. City of Watertown, 128 U. S. 586, 32 L. ed. 543; Morris v. Gilmer, 129 U. S. 315, 32 L. ed. 690.

GEORGE W. PRICHARD for Appellee.

Injuries to persons and personal property are transitory not local. Mason v. Warner, 31 Mo. 508. It is only necessary to lay a venue for a place of trial in transitory action of trespass. McKenna v. Fiske, 1 Howard 237; Mitchell v. Harmony, 13 Howard U. S. 115-137; Regan v. Haines, 10 Ind. 348; Hill et al. v. Walker, 167 Fed. 245.

The Federal Employer's Liability Act of June 11, 1906, is valid as to the Territory of New Mexico. Howard v. Illinois Central Railroad Co., 207 U. S. 504.

Retrospective laws are constitutional. Oriental Bank v. Freeze, 18 Me. 109; Sutherland v. DeLeon, 1 Tex. 250; Wymes' Lesser v. Wynne, 58 Am. Dec. 66; Rowls v. Kennedy, 58 Am. Dec. 299; Acheson v. Miller, 2 Ohio State 203; Sturges v. Carter, 114 U. S. 519; Koshonong v. Burton, 104 U. S. 668; Campbell v. Harehitt, 155 U. S. 610, 615.

There was no contributory negligence. C. L. 1897, secs. 3216, 3217; Thornton on Employer's Liability and Safety Appliance Acts, p. 31.

The facts are stated in the opinion.

### OPINION OF THE COURT.

POPE, J.—The plaintiff brought suit for personal injury in the First Judicial District Court. The verdict was in his favor and the defendant railroad appeals. The errors assigned will be considered *seriatim.*

It is said *first* that the complaint does not show jurisdiction in that it does not allege the injury to have oc-

curred within the First Judicial District. This point does not appear to have been made before trial in the court below, but as it is claimed to be jurisdictional we proceed to consider whether it is fatal to the judgment rendered. The question of jurisdiction thus raised is, it will be noted, extremely narrow and is one purely of pleading, and we shall in dealing with it confine ourselves to the specific objection urged. While the complaint does not in terms state that the injury occurred in the first district, the cause is entitled "In the District Court of the First Judicial District." We judicially know that this district was at the date the suit was brought composed of the Counties of Santa Fe, San Juan, Rio Arriba and Taos. The caption is thus to be read as naming those counties as constituting the district. The case would thus seem to be within the provision of section 59 of the Code, which is relevant as regulating procedure on the federal side of the court and which provides:

"The name of the county stated in the complaint shall be taken to be the venue intended by the plaintiff, and it shall not be necessary to state a venue in the body of the complaint or in any subsequent pleading."

But aside from this, the complaint alleges the injury to have occurred on the Santa Fe Central Railway between the stations of Williams Spur and Clark. These latter being railroad stations, their location may be judicially noticed and are known to us to be within the County of Santa Fe, which latter is, as above stated, judicially known to have been at that date within the First Judicial District. Reading the complaint therefore, in the light of judicial knowledge it sufficiently alleges the injury to have occurred in the First District.

In addition, the undisputed testimony received without objection and from both sides is to the effect that the injury occurred on defendant's line between mile posts thirty-two and thirty-three south of the city of Santa Fe. This point being also judicially known to us to be in Santa Fe County, it thus results that the undisputed testimony is that the casualty occurred in the First District. If therefore the complaint be defective in the re-

spect alleged it is under the condition of the record a mere defect of form without possibility of prejudice to any one and is even at this stage of the case subject to amendment under Code 85 which provides that "the court shall in every stage of the action disregard any * * defect * * in the pleadings which shall not affect the substantial rights of the adverse party" and that "no judgment shall be reversed * * by reason of the defect." It is also within section 86 of the Code which provides that "after final judgment rendered in any cause the court may in furtherance of justice * * amend in affirmance of such judgment any * * pleading * * by rectifying defects * * in matters of form; and such judgment shall not be reversed or annulled therefor."

The federal statute on amendments [R. S. Sec. 954] is similarly liberal. As is said in 1 En. P. & Pr. 511:

"Where the court has jurisdiction of the subject matter and the defendant has appeared in person to contest the merits the complaint may be amended by inserting averments necessary to perfect the jurisdiction of the court on the record."

Of course, were the record silent as to where the injury occurred or were the proofs subject to the least question on the point the matter would be one of substance and perhaps within the rule of the federal courts that jurisdiction must affirmatively appear. Here, however, the testimony of both sides does show the proper county and the only criticism is that the complaint does not allege it. We entertain no doubt of our power to correct this even on appeal.

Indulging—without sustaining—the contention that the complaint does not sufficiently aver the venue, we may therefore easily deem the omission under the condition of this record purely one of form and consider the complaint amended to conform to the undisputed facts showing the injury to have occurred in the First Judicial District and thus hold the criticism upon the complaint insufficient to necessitate a new trial.

It is strongly urged in the second place that the trial court erred in applying to the case the rules contained in the Federal Employer's Liability Act of June 11, 1906,

for the reason that that act has by the opinion in Howard v. Illinois Central Co., 207 U. S. 463, been declared unconstitutional and void not only as to the states but as well to the Territories. Decisions to the effect that the Act was left by the Howard case intact as to the Territories are cited from the District of Columbia in Hyde v. Southern Railway Co., 31 App. D. C. 466, and Gutierrez v. E. P. & N. E. Ry. Co., 117 S. W. 426, while the contrary view is asserted in at least one Texas case, A. T. & S. F. Ry. Co. v. Mills, 108 S. W. 480. We are, however, relieved from the necessity of comparing these lines of authority and of determining for ourselves the extent of the holding in the Howard case by the fact that the Federal Supreme Court has itself since the argument of this case expressly held in El Paso & N. E. Ry. Co. v. Gutierrez, [decided November 15, 1909] the Act of 1906 to be as to the Territories a valid exercise of congressional power. We content ourselves with referring to that controlling authority in holding this assignment of error not well taken.

While the two foregoing are the only assignments of error argued either orally or upon the briefs, appellant's brief also mentions as insisted upon two other alleged errors. One is that the court erred in its instruction as to the functions of the jury in passing upon the weight of the evidence. It is sufficient to say, however, that the record shows no exceptions reserved to this or any of the instructions and their assignment may not therefore be considered. Territory v. O'Donnell, 4 N. M. 196; Laird v. Upton, 8 N. M. 409; Fruit Exchange Co. v. O'Donnell, 9 N. M. 366.

The remaining assignment is as follows:

"The court erred in receiving illegal and incompetent testimony offered by the appellee of the witnesses E. E. Friday, A. R. Jones, M. J. DeMier, W. R. Ratliff, W. G. May, Robert Taylor and Fred Fisher as to the condition of cars in Train No. 2, other than car 618, upon which it is alleged the injuries complained of occurred." This

allegation of error does not point out specifically the objectionable testimony of any one of the witnesses named, much less of the seven. It imposes upon the court the duty of going through a lengthy record with the view to segregating what testimony in the examination of each of the witnesses named is within the objection made and then of deciding whether such testimony so segregated is in either case subject to that objection. An examination of the record shows that some of the testimony upon the point went in without objection, some was brought out by defendant itself on cross examination, while some was admitted over one ground of objection and some over another. In some instances the question was objected to because immaterial, in others as leading and in others upon still other grounds. We do not feel called upon to entertain an assignment so general in its character and involving such a diversity of question. Each of the rulings of the court upon this class of testimony constituted a ground for alleging error depending for its validity upon varying considerations. It is conceivable that some of this testimony may have been properly admitted over the objection made and some of it not. Rule 14 of this court provides that "each error relied upon shall be stated in a separate paragraph." We do not consider the assignment made as complying with that rule. We believe it to be within the decision of this court in Pearce v. Strickler, 9 N. M. 467, and Schofield v. Territory, 9 N. M. 534, where it is said that "it is not incumbent upon this court to search the entire record for such evidence as the counsel might have had in mind."

We consider it no unreasonable tax upon the diligence of the bar to require separate assignments of error for the several matters of evidence objected to. To permit objections to all of the testimony upon a given point not only of one but of seven witnesses to be combined under a single assignment would be to disregard the very salutary rule of this court above named, the decisions just cited enforcing it and the principles which must govern the order-

ly presentation of causes upon appeal. The judgment below is affirmed.

Associate Justice Mechem did not participate.

### OPINION OF THE COURT.
#### (Upon Rehearing.)

Per Curiam.—Upon an examination of the grounds urged upon rehearing, we are of the opinion that they are not well taken and the original opinion filed herein and the judgment entered therein will be adhered to. An order may be entered to that effect.

### SYLLABUS (BY THE COURT).

