13 P.(2d) 875

**BURNS et al. v. HERON.**

No. 3655.

Supreme Court of New Mexico.

Aug. 29, 1932.

Rehearing Waived Sept. 9, 1932.

Charles Fahy, of Santa Fé, for appellant.

Carl H. Gilbert and M. W. Hamilton, both of Santa Fé, for appellees.

WATSON, J.

This litigation involves a contract made in 1911, whereby Thomas D. Burns gave and granted unto Belle Land & Development Company, its successors and assigns, "the exclusive right to the use of the telephone line and poles constructed and erected by * * * (Burns) * * * between the towns of Chama and Tierra Amarilla, New Mexico, for the period of fifty years * * * for the operation of a telephone system between said towns * * * and other towns and cities." In consideration of that grant, construed by the trial court as a lease, the lessee agreed that the lessor should "have the exclusive use of the wire now on said system and the telephones now in active use and operation thereon; to adjust all telephone instruments of the first party (Burns) now in use as required; to replace all rotten and destroyed poles, and to maintain said wire in good condition during the life of this agreement."

By the judgment, appellant, successor in interest of the lessee, suffered forfeiture of all his contract rights, was required to surrender certain designated lines of poles, wires, and appurtenances, with certain connected telephone instruments, batteries, and equipment, and suffered an award of $541.80 damages.

Appellant here complains that some of the property decreed to be surrendered was improperly included, that evidence was erroneously received to vary the written contract, and that the court erroneously permitted amendment of the complaint to support the award of damages.

█ From the findings it would seem that the property ordered surrendered was that originally leased, or property substituted for it under the duty to replace poles and maintain wires in good condition. We are not persuaded of any lack of substantial evidence to sustain the findings.

█ The testimony complained of as violating the parol evidence rule was to the effect that "the exclusive use of the wire now on said system and the telephones now in active use and operation thereon," reserved to the lessor, meant free use. We are compelled to agree with counsel for appellee that the written contract either provides for free use by Burns and his employees, or is ambiguous on that point. In the one case the parol explanation would be harmless; in the other, competent.

█ The cause was tried and submitted at Tierra Amarilla. Sixteen days later, at Santa Fé, appellee proposed findings, conclusions, and form of judgment, and orally moved "for leave to amend the complaint and the prayer of the complaint to conform with the proof and the facts in said cause." The court granted the motion, but neither complaint nor prayer was in fact amended, and the record fails to show the nature of the amendments asked and allowed. From the briefs we learn that the purpose was to cover proof of damages and to admit of their recovery.

We cannot doubt that, if the complaint had

been amended to allege that appellant had removed from the leased system 38.7 miles of wire of the value of $14 per mile, and the prayer had been amended so as to claim damages for such removal, the effect would have been to "change substantially the claim" of appellee. Such is not the office of an amendment "conforming the pleading * * * to the facts proved." 1929 Comp. St. § 105-605; Loretto Literary Society v. Garcia, 18 N. M. 318, 136 P. 858; Hoskins v. Talley, 29 N. M. 173, 220 P. 1007.

It was alleged in the complaint that appellant had failed to replace rotten poles and to maintain wires in good condition as required by the contract. Appellant denied this, and alleged that he had in fact improved the condition of the line. Appellee urges that his allegation and the counter allegation were sufficient to admit the evidence of the removal of the wire and of its value, and to support the finding upon which the damages are based. We may admit this, but we cannot admit that it was sufficient to give notice that the right to damages was an issue in the case, or sufficient to sustain his contention that the matter of damages was litigated without objection. The only apparent purpose of appellee's allegation was to support his claim to a forfeiture of the lessee's rights.

Appellee contends also that appellant is not in a position here to complain of the amendment, since he did not demand that the case be reopened to enable him to produce his evidence on the issue thus injected. It seems sufficient to say that appellant objected that "the complaint is not and never has been amended by interlineation or otherwise." Until appellant was confronted with the new allegations and the new prayer, we do not see how he could be called on to answer them or to demand a reopening in order to disprove them. He did except that he "was thereby deprived of an opportunity to offer evidence to controvert the issue of damages."

Upon this question of the amendment appellee cites Friday v. Railroad Co., 16 N. M. 434, 120 P. 316; Canavan v. Canavan, 17 N. M. 503, 131 P. 493, Ann. Cas. 1915B, 1064; Riverside Irrigation Co. v. Cadwell, 21 N. M. 666, 158 P. 644, L. R. A. 1916F, 724; Nikolich v. Slovenska, etc., 33 N. M. 64, 260 P. 849; Cater v. Sunshine Valley Conservancy District, 33 N. M. 583, 274 P. 52; Rapp v. Board of Education, 34 N. M. 526, 284 P. 761, and Garcia v. United States (C. C. A.) 43 F.(2d) 873. We find none of those decisions controlling or persuasive here.

We conclude that the trial court erred in granting the amendment, and that the error has not been waived or acquiesced in.

The judgment, being erroneous in part, must be reversed. The cause will be remanded, with a direction to modify the judgment in accordance herewith. It is so ordered.

BICKLEY, C. J., and SADLER, J., concur.

HUDSPETH, J., did not participate.