**Jack F. TRAHAN, Petitioner,**

v.

**Emma J. TRAHAN, Respondent.**

**No. C–106.**

Supreme Court of Texas.

Nov. 18, 1981.

McDaniel & Travis, Samuel D. McDaniel and Don W. Kothmann, Austin, for petitioner.

Philip C. Friday, Jr., Austin, for respondent.

DENTON, Justice.

Emma Trahan instituted this suit against her former husband, Jack Trahan, for partition of his Air Force retirement benefits, which had not been divided by property settlement in either of two previous divorces. The law in Texas has become well established that military retirement benefits earned during marriage are property subject to division upon divorce. *See, e. g.,*

Taggart v. Taggart, 552 S.W.2d 422 (Tex. 1977); *Cearley v. Cearley,* 544 S.W.2d 661 (Tex.1976). However, in light of the United States Supreme Court's recent decision in *McCarty v. McCarty,* ⎯ U.S. ⎯, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), we are compelled to review the present status of Texas law. The sole question presented is whether the Supremacy Clause of the United States Constitution, Art. VI, cl. 2, preempts a division by a Texas state court of a spouse's entitlement to Air Force retirement benefits pursuant to 10 U.S.C. §§ 8911, 8929.[1]

Jack F. Trahan entered active military service July 3, 1941. He married Emma on September 4, 1943. Jack served in the inactive reserves from September 10, 1949, until being recalled to active duty June 9, 1953. The couple first divorced on January 22, 1963. On April 30, 1965, Jack retired from the Air Force and began collecting his military retirement pay. The Trahans remarried October 28, 1970, but were again divorced on May 7, 1971. During the time Jack served on active duty for retirement pay purposes, he and Emma were married for fifteen years and seven months. At the time of the first divorce Jack was not eligible for any retirement benefits. Until Emma filed this suit to partition on February 14, 1977, she had never sought or received any interest in the retirement benefits.

The trial court awarded Emma Trahan a portion of her husband's Air Force retirement pay, both accrued and anticipated. After reforming the judgment, the Court of Civil Appeals affirmed the trial court. 609 S.W.2d 820. We reverse the judgment of the Court of Civil Appeals and render judgment that the wife is not entitled to any part of her former husband's military retirement benefits.

The Supreme Court of the United States on June 26, 1981, handed down its decision

---

1. Military voluntary nondisability retirement statutes are found in Title 10 of the United States Code. Although the applicable retirement statutes for each branch of the service are found in different sections of Title 10, the operative language of each statute is identical. *See* 10 U.S.C. §§ 3911 et seq. (1976 & Supp. III 1979) (Army); *id.* §§ 6321 et seq. (1976 & Supp. III 1979) (Navy and Marine Corps); *id.* §§ 8911 et seq. (1976) (Air Force).

in *McCarty v. McCarty*, —— U.S. ——, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). The Court held that military nondisability retirement benefits are not subject to division upon dissolution of marriage pursuant to state community property laws.

In *McCarty*, the United States Supreme Court reasoned that Congress enacted the military retirement system to provide for retirees and to meet the personnel management needs of the active military forces. Concluding that the application of community property principles to military retirement pay threatened "grave harm" to clear and substantial federal interests, the Court ruled that under the Supremacy Clause California courts were precluded from dividing military nondisability retirement pay upon divorce.

It is clear that the *McCarty* decision controls the disposition of this case. Article I, Section 1, of the Texas Constitution expressly acknowledges that the State of Texas is subject to the United States Constitution. This Court must recognize and follow the supreme law of the land. *Eichelberger v. Eichelberger*, 582 S.W.2d 395 (Tex.1979); *Emmons v. Pacific Indem. Co.*, 146 Tex. 496, 208 S.W.2d 884 (1948); *Gutierrez v. El Paso & NE. R.R.*, 102 Tex. 378, 117 S.W. 426 (1909); *McKee v. Brooks*, 64 Tex. 255 (1885). In *Eichelberger* we reiterated that this Court is controlled in the construction of federal laws by the decisions of the United States Supreme Court. Although we have held previously that military retirement benefits earned during marriage constitute community property subject to division upon divorce, we can no longer adhere to that rule. Under *McCarty*, the Supremacy Clause of the United States Constitution preempts division of a spouse's entitlement to military nondisability retirement benefits through application of Texas community property laws.

On Suggestion for Rehearing En Banc, the United States Court of Appeals for the Fifth Circuit in *Erspan v. Badgett*, 659 F.2d 26 (5th Cir. 1981) (en banc per curiam), was faced with a question somewhat similar to that now confronting this Court. In *Erspan*, a divorced wife, Mary Frances Erspan, filed suit in the United States District Court for the Western District of Texas against her former husband, Lloyd J. Badgett, to enforce the terms of a 1963 Texas divorce decree awarding her one-half of her husband's military retirement benefits. In a non-jury trial, Chief Judge William Sessions rendered judgment in favor of the former wife.[2] Badgett appealed to the United States Court of Appeals for the Fifth Circuit, which affirmed the District Court's ruling.

Badgett relied expressly upon the *McCarty* decision on Suggestion for Rehearing, arguing that the court should "reverse" the 1963 divorce decree insofar as it awarded Erspan a portion of his military retirement. However, in a per curiam opinion, the Fifth Circuit concluded that it lacked jurisdiction to reverse the 1963 Texas divorce decree. The court noted that unlike *McCarty, supra*, and *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979), *Erspan* was not a direct appeal from a state divorce decree. In fact, the appeal before the Fifth Circuit did not involve a divorce decree. Citing the United States Supreme Court's recent decision in *Federated Dep't Stores, Inc. v. Moitie*, —— U.S. ——, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981), the court stated it could find no reason why the 1963 final judgment should not be given its usual res judicata effect. Further, the court reasoned that "as a final judgment, [the divorce decree] settles not only the issues actually litigated, but also those issues that could have been litigated in the proceeding." *Erspan, supra*, at 28 (citing *Federated Department Stores, supra*). The court found further support for its holding in these words from the Supreme Court: "[T]he res judicata consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the judgment

**2.** Judge Sessions also permanently enjoined Badgett from proceeding with his civil contempt action against his former wife in Federal District Court in Missouri where he had previously filed bankruptcy proceedings.

488

may have been wrong or rested upon a legal principle subsequently overruled in another case." *Erspan, supra,* at 28 (quoting *Federated Department Stores, supra*). Having found no suggestion in the *McCarty* opinion that the Supreme Court intended that its decision invalidate, "or otherwise render unenforceable prior valid and subsisting state court judgments," the Fifth Circuit also declined to so do.

Although the case before us involves a partition suit, it does not come within the holding in *Erspan, supra.* Unlike *Erspan,* the military retirement benefits in dispute were not partitioned at the time of either of the Trahans' divorces. No final adjudication regarding Jack Trahan's military retirement benefits, therefore, has or will be made until this Court renders its opinion. In the absence of a final adjudication, the doctrine of res judicata is inapplicable. Thus, the doctrine cannot be applied now to allow Emma Trahan to recover a portion of her former spouse's military retirement benefits pursuant to our previous holding in *Busby v. Busby,* 457 S.W.2d 551 (Tex.1970).

Having determined that Emma Trahan is not entitled to any portion of her husband's military retirement pay we need not consider whether the Court of Civil Appeals erred in reforming the trial court's judgment to delete the order that Jack Trahan apply $275.00 from his share of future monthly retirement payments toward payment of accrued benefits found owed to Emma. The point of error is rendered moot by this opinion and is hereby overruled.

The judgment of the Court of Civil Appeals is reversed and judgment is rendered that Emma Trahan take nothing.