**In the Matter of the MARRIAGE OF Kenneth Marshall GRANT and Bonnie F. Grant.**

**No. 9370.**

Court of Appeals of Texas, Amarillo.

Aug. 18, 1982.

Michael B. Charlton, Amarillo, for appellant.

C. J. Humphrey, Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

Dissolving the marriage of Kenneth Marshall Grant and Bonnie F. Grant on 9 April 1981, the trial court ordered the division of community property the parties agreed upon in open court. The division includes an award to Bonnie of thirty-five (35%) percent of Kenneth's military nondisability retirement pay.

Timely appealing, Kenneth contends that under the 26 June 1981 decision in *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), the trial court did not have jurisdiction to divide his military retirement benefits as community property. Bonnie denies the contention, particularly claiming that under *Alexander v. Alexander,* 373 S.W.2d 800, 804–05 (Tex. Civ. App. —Corpus Christi 1963, no writ), Kenneth is contractually bound by the consent judgment which, by authority of *Hodge v. Ellis,* 154 Tex. 341, 277 S.W.2d 900, 908 (1955), cannot be repudiated on appeal.

We conclude that the *McCarty* decision controls to preclude a division of Kenneth's military nondisability retirement benefits through application of Texas community property laws by the divorce judgment which has not become final. Accordingly, we reverse and remand.

The trial court's 9 April 1981 judgment recites, in part, that

The Court further finds that the parties have acquired a community property estate during their marriage and that the parties have agreed in open Court that the following division of said properties should be made:

Bonnie F. Grant shall take as her separate property and estate the following:

1. Thirty-five (35%) percent of the gross payments, benefits and any increases thereof which are being paid to Kenneth M. Grant as a U.S. Air Force retiree under Air Force account number 653497. In connection with said retirement account it is hereby ORDERED that Kenneth M. Grant is made the trustee to receive the entire amount of said monthly retirement and benefits and any increases therein, and the said Kenneth M. Grant, as trustee, is herewith ordered to pay to Bonnie F. Grant 35% of the gross amount, benefits and increases of said retirement checks, same to be paid to Bonnie F. Grant not later than the 2nd day of each month commencing May 2, 1981.

At the time the judgment was rendered, military retirement benefits earned during

marriage constituted, under Texas law, community property subject to division upon divorce. *Trahan v. Trahan,* 626 S.W.2d 485, 487 (Tex. 1981). However, before the judgment could become final by virtue of the appeal, the United States Supreme Court had considered in *McCarty v. McCarty, supra,* the application of community property principles to military retirement pay provided by Congressional enactment of the military retirement system. Upon the rationale expressed in *McCarty,* the Court held that under the Supremacy Clause of the United States Constitution, the courts of California, a community property state, were precluded from dividing military nondisability retirement pay upon divorce.

In urging the application of the *McCarty* holding for a reversal of the judgment, Kenneth has cast his sole point of error in this language: "The trial Court did not have jurisdiction to consider the question of the divisibility of military retirement benefits as community property." Yet, it is unnecessary that we consider the appellate issue as one of jurisdiction, a term of different meanings and often used without any determinate signification, 50 C.J.S. *Jurisdiction,* pp. 1089–90 (1947), thereby conjuring the specter of the invalidity of similar, but final, judgments that otherwise have been protected by res judicata consequences. *See, e.g., Erspan v. Badgett,* 659 F.2d 26 (5th Cir. 1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982). It suffices that in the light of the statement and argument under the point of error, our attention is directed to the matter complained of for a determination of reversible error. *O'Neil v. Mack Trucks, Inc.,* 542 S.W.2d 112, 114 (Tex. 1976).

The *McCarty* decision is recognized and followed in Texas as the supreme law of the land to which Texas law is subject. *Trahan v. Trahan, supra,* at 487. As such, it preempts division of a spouse's entitlement to military nondisability retirement benefits through application of Texas community property law, and mandates that such benefits shall not be divided in a divorce action in which there has not been, as here, a final adjudication. *Id.* at 487–88.

Consequently, the judgment must be, and is, reversed. The cause is remanded to the trial court for its determination of a just and right division of the estate of the parties, sans a division of Kenneth's military nondisability retirement benefits, as prescribed by Section 3.63 of the Texas Family Code (Vernon 1975). *See Eichelberger v. Eichelberger,* 582 S.W.2d 395, 403 (Tex. 1979); *McKnight v. McKnight,* 543 S.W.2d 863 (Tex. 1976).

DODSON, Justice, concurring.

I agree that the judgment must be reversed and the action remanded to the trial court for its determination of a just and right division of the estate of the parties which excludes Kenneth's military nondisability retirement benefits. However, I am persuaded that the parties' contentions require further discussion.

As stated in the majority opinion, Kenneth's sole point of error is that "[t]he trial Court did not have jurisdiction to consider the question of the divisibility of military benefits as community property." The record shows that in the trial court, Kenneth did not claim his military nondisability benefits as separate property. Nor did he raise the jurisdiction question in that court. Nevertheless, relying on the United States Supreme Court's decision in *McCarty* and the Texas Supreme Court's decision in *Trahan,* Kenneth, in essence, contends that the trial court had no authority to make a division of his military nondisability retirement benefits because it had no jurisdiction of that subject matter, and that he can, therefore, raise the court's lack of subject matter jurisdiction for the first time on appeal. On the other hand, Bonnie claims that the judgment should be affirmed because: (1) Kenneth did not claim in the trial court that the retirement benefits were his separate property; (2) that having not raised the question in the trial court, he is precluded from the challenge in this court; and (3) that having agreed or consented to property division in the trial court, he is precluded from challenging the division in this court.

**256**

In this direct appeal from the trial court's judgment, it is essential to state the matters not before us. First, we are not presented with a precluded collateral attack on a final judgment as in *Erspan v. Badgett,* 659 F.2d 26 (5th Cir. 1981). Nor are we presented with a direct appeal of a judgment where the spouse challenged the court's authority to divide his military nondisability benefits in the trial court as in *McCarty* and *Trahan.*

In Texas, before the decisions in *McCarty* and *Trahan,* a spouse's military nondisability retirement benefits earned during marriage were community property and subject to division upon divorce. *See Trahan v. Trahan,* 626 S.W.2d at 487. However, in *McCarty,* the United States Supreme Court determined that under the Supremacy Clause of the United States Constitution, the courts of California, a community property state, were precluded from dividing a spouse's military nondisability retirement benefits upon divorce. Thus, the effect of the decision in *McCarty* is to withdraw a spouse's military nondisability retirement benefits from the state court's subject matter jurisdiction, when it divides the estate of the parties under the state's community property laws. *See, e.g., Kalb v. Feuerstein,* 308 U.S. 433, 439, 60 S.Ct. 343, 346, 84 L.Ed. 370 (1940); and *International U. of Operating Engineers v. Casida,* 376 S.W.2d 814, 818 (Tex. Civ. App.—Amarillo), *writ ref'd n.r.e. per curiam,* 383 S.W.2d 571 (Tex. 1964).

In the present case, the record shows that this action was filed on 19 November 1980, the trial court's judgment was rendered on 9 April 1981, the appeal was perfected on 8 May 1981, and was pending in this court when *McCarty* and *Trahan* were decided. Thus, the trial court had subject matter jurisdiction to divide Kenneth's military nondisability retirement benefits when it rendered judgment; however, that jurisdiction was withdrawn while the action was pending in this court. Given this posture of the case, Bonnie's contentions are answered by settled principles of law. The court's lack of subject matter jurisdiction can be raised initially on appeal. *See, e.g., Cline v.*

*Niblo,* 117 Tex. 474, 8 S.W.2d 633, 638 (1928); *State v. Ferguson,* 133 Tex. 60, 125 S.W.2d 272 (1939); and *State Board of Insurance v. Betts,* 158 Tex. 612, 315 S.W.2d 279, 281–83 (1958). Furthermore, when the court has no jurisdiction of the subject matter, that jurisdiction cannot be conferred by consent, agreement or conduct of the parties. *See Burke v. Satterfield,* 525 S.W.2d 950, 953 (Tex. 1975); and *Federal Underwriters Exchange v. Pugh,* 141 Tex. 539, 174 S.W.2d 598, 600 (1943). Moreover, the court's subject matter jurisdiction cannot be enlarged by an agreement between the parties or a request that the court exceed its power. *Burke,* at 953.

For the above reasons, I would sustain Kenneth's point of error, reverse the judgment, and remand the action to the trial court, as stated above.