Nan Bates Jones MOORE, Appellant,

v.

Oliver Kenton JONES, Appellee.

No. 16737.

Court of Appeals of Texas, San Antonio.

Sept. 15, 1982.

Ronald C. Bird, Bird & Noll, San Antonio, for appellant.

H. David Peeples, Richard Tinsman and David Jayne, Tinsman & Houser, Inc., San Antonio, for appellee.

Before CADENA, C.J., and CANTU and BASKIN, JJ.

## OPINION

CANTU, Justice.

This is a suit seeking a partition of the increases of military retirement pay.

The parties to this suit were divorced in 1961 after approximately 25 years of marriage. Appellee served in the United States Military during 1939 and 1940. He applied for readmission to the military in 1940, was accepted, and served continuously through March, 1961, at which time he retired with the rank of Colonel.

That portion of the divorce decree pertaining to the military retirement benefits recited:

AND IT FURTHER APPEARING TO THE COURT that the defendant herein is a retired Colonel in the United States Air Force; that in said capacity, he is entitled to, and does receive as retired pay, the sum of Four Hundred Fifty-One Dollars and Fifty Cents ($451.50) per month; that said retired pay is the community property of Plaintiff and Defendant herein, and that the Plaintiff is entitled to a one-half interest therein.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Defendant shall pay to the Plaintiff as and for her community interest part and share in said retired pay the sum of Two Hundred Twenty-Five Dollars ($225.00) per month, beginning September 1, 1961, and on the first day of each calendar month thereafter, said payments to be made to the Plaintiff herein by allotment, and the Defendant is hereby ordered to execute the necessary forms to make said sum payable to the Plaintiff herein by allotment, in accordance with United States Air Force regulations.

In 1963, two years after the parties were divorced, Congress implemented cost of living allowances (COLA) which amounted to a percentage increase of the military retirement benefits due each retiree. 10 U.S.C. § 1401a (1963). Appellant brought this suit in 1979. In her petition she alleged that

As a result of said Decree of Divorce Plaintiff herein was awarded a one-half interest in Defendant's military retirement pay as her community property share. Plaintiff alleges that Defendant has received increases in the military retirement pay and such increases have not been proportionately divided by Defendant nor has the court partitioned this community property asset. Accordingly, Plaintiff and Defendant are, and have been, tenants in common with regard to such retirement pay increases since the awarding of the increases.

Appellant then prayed for partition of these increases and further sought an accounting for all sums of money appellee has received by way of the increases in the military retirement pay since the date of the decree of divorce to the date of trial and interest thereon at the rate of six percent (6%) per annum.

The trial court entered judgment that appellant take nothing and that the divorce decree of August 10, 1961, would not be altered. Findings of fact and conclusions of law were entered. The court found: (1) that the parties were divorced on August 10, 1961; (2) that appellee has paid to appellant the sum of $225.00 per month beginning September 1, 1961, to the date of trial; (3) that subsequent to the divorce, appellee, was removed from the temporary disabled

retired list and returned to active duty on November 15, 1962, and served in the United States Air Force until March 1, 1967, when he was permanently retired, and was awarded a 30% disability rating in regard to his retired pay; (4) that appellee was subsequently married on the 28th day of February, 1967, and still resides with his second wife; (5) that appellant remarried in 1965 for a period of approximately two years, when she and her husband, I. Foster Moore, were divorced and she has retained such status to the trial; and (6) that the trial court on August 10, 1961, made a fair division of the retirement benefits of appellee in awarding $225.00 per month to Nan Bates Jones.

The trial court concluded as a matter of law: (1) that the military retirement benefits of appellee were considered by the trial court in the property division of August 10, 1961, and a portion thereof was awarded to appellant by the trial court; (2) that the court had no jurisdiction to alter the decree of August 10, 1961; and (3) that in the event this appellate court holds that the trial court had jurisdiction to alter the decree of August 10, 1961, at this time, the Court, in the exercise of its discretion, would not do so.[1]

Appellant, in two points of error, asserts that the trial court erred in holding that all of the military retirement benefits of appellee were considered in the property division of August 10, 1961, and that it erred in holding that the court had no jurisdiction over the subject of appellant's cause of action for partition of increases in the military retirement benefits of appellee.

■ A reading of the 1961 divorce decree convinces us that appellant's share of appellee's retirement benefits was set at a *sum certain,* that is, at $225.00 per month even though the trial court fully recognized that appellant's entitlement was to a one-half interest. The trial court could have, but was not required to divide the military retirement in equal halves. Tex.Fam.Code Ann. § 3.63(a) (Vernon Supp.1981) requires the trial court to divide the estate of the parties "in a manner that the court deems just and right, having due regard for the rights of each party . . . ." We can reverse the trial court's division of property only if the division was manifestly unjust. *See Mann v. Mann,* 607 S.W.2d 243 (Tex.1980). The mere fact the community estate is not equally divided does not constitute an abuse of discretion. *See Erger v. Erger,* 590 S.W.2d 186 (Tex.Civ.App.—Fort Worth 1979, writ dism'd). The trial court was allowed to consider many factors in dividing the estate of the parties. Had the trial court intended an equal division of the military retirement, the decree would have provided for such a division, particularly since the court recognized appellant's community interest claim.

■ Since the trial court awarded a sum certain to appellant, she is not entitled to any increases. The divorce decree awarded $225.00, this being a little less than one-half of the military retirement. We must assume the trial court considered various factors in dividing the entire estate and made an equitable distribution. *See Murff v. Murff,* 615 S.W.2d 696 (Tex.1981). No abuse of discretion is shown for it must be presumed that after acknowledging appellant's community interest in the military retirement pay the trial court determined that the sum certain of $225.00 was a "just and right" distribution.

■ Even assuming the court sought to award a one-half interest in the military retirement instead of a sum certain, we hold that this case is controlled by *Trahan v. Trahan,* 626 S.W.2d 485 (Tex.1981). In *Trahan,* a divorced wife brought suit against her former husband for partition of his Air Force retirement benefits. The parties were divorced in 1971. During the time the husband served on active duty for retirement pay purposes, he and his former

---

1. Appellee by cross-action, sought to partition appellant's civil service retirement benefits earned during the marriage but not addressed by the divorce decree entered in 1961. However, appellee took a nonsuit on his cross-action before the trial court announced its judgment.

wife had been married for fifteen years and seven months. Until the former wife filed the suit to partition on February 14, 1977, she had never sought nor received any interest in the retirement benefits.

The Supreme Court of the United States on June 26, 1981, handed down its decision in *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), holding that military nondisability retirement benefits are not subject to division upon dissolution of marriage pursuant to state community property laws. The Texas Supreme Court held that it was clear that the *McCarty* decision controlled the disposition of the *Trahan* case. The court sought to distinguish *Erspan v. Badgett,* 659 F.2d 26 (5th Cir.1981), in which a former wife brought suit to enforce the terms of a 1963 Texas divorce decree awarding her one-half of her husband's military retirement benefits.

The court stated

> Although the case before us involves a partition suit, it does not come within the holding in *Erspan,* supra. Unlike *Erspan,* the military retirement benefits in dispute were not partitioned at the time of either of the Trahans' divorces. No final adjudication regarding Jack Trahan's military retirement benefits, therefore, has or will be made until this court renders its opinion. In the absence of a final adjudication, the doctrine of res judicata is inapplicable. Thus, the doctrine cannot be applied now to allow Emma Trahan to recover a portion of her former spouse's military retirement benefits pursuant to our previous holding in *Busby v. Busby,* 457 S.W.2d 551 (Tex.1970).

606 S.W.2d at 488.

Although the divorce decree in the instant case did consider the military retirement pay, there was a final adjudication only as to the amount being paid at the time of divorce, that is, $451.50. Any future increases in the military retirement benefits were not considered, for they were not even in existence at the time of the divorce. Therefore, as in the *Trahan* case, no final adjudication regarding the increases in the military retirement benefits has or will be made until this court renders its opinion. This being the case, *Trahan* dictates that *McCarty* precludes the awarding of any of the increases to the appellant.

The judgment is affirmed. Appellant takes nothing.